## HAYNES vs. TUNSTALL.

The plea of *nul tiel record*, is properly triable by the court, and a mere irregularity in point of trial, in determining such plea, is no ground for new trial.

The law fixing a sheriff's liability is plain and simple.

It holds him in the discharge of proper diligence in office, and levying process coming to his hands.

And he can only discharge himself from this liability, by showing that he is not guilty of misconduct or neglect of duty.

He must levy an execution with reasonable dispatch, and use proper diligence in finding out property, seizing it, and making proper return.

When a party shows that an execution has come to the hands of the sheriff, and that the defendant had at the time property, he must levy, or show why he could not.

A party has no right to complain of the court below for excluding testimony, which would fix his liability.

It is not sufficient ground for new trial, that depositions which establish no fact in favor of the party offering them, were excluded.

TRESPASS, on the case for false return, determined in Pulaski circuit court, in January, 1844, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Tunstall sued Haynes. The declaration had but one count, setting out judgment in Conway county, against one Elisha W. Owens, for $1,500 debt, and $219, damages, with interest at 10 per cent.: issuance of *fi. fa.* thereon, and it having come to sheriff's hands, with proper averment of there being sufficient property whereof to have made the amount of the *fi. fa.* That the sheriff neglected and refused to levy, and "falsely and deceitfully, insufficiently and unlawfully" returned, that said *fi. fa.* was unsatisfied, and that said Owens was not found. The defendant pleaded *not guilty*, and *nul tiel record*. After the jury was empannelled and sworn, the court tried the issue on the plea of *nul tiel record*, and found for the plaintiff; the jury also found for plaintiff, on the other issue, $890. Haynes then moved for new trial: overruled, and exception. The bill of exceptions sets out the whole testimony, which was in substance, a duly certified transcript of the record and proceedings in the Conway circuit court, including the *fi. fa.* issued upon said judgment: as also, a transcript of said *fi. fa.*, to the reading of both which, the defendant objected. The plaintiff then proved by Jos. J. Simmons, who was clerk of Conway court at the time of issuing said *fi. fa*, that Owens, at the time the writ issued, had a negro woman with four or five children in possession, but that they were claimed by one Holyfield, and were worth $12 or $1400. He also, had a negro

man, with wife and three or four children, worth $15 6r $1800, and had no other property of much value—might have had a few hogs, cattle and horses, but of not much worth. Fifteen or twenty days after writ issued, Owens told Haynes he would bring in property next morning, to be levied on to satisfy said writ. On cross examination, the witness did not know, of his own knowledge, that Owens had negroes in possession at the time the writ issued. Owens married widow of Bentley, and the negro man, wife and children, belonged to Bentley, who died in 1832 or 1833, leaving seven children. The defendant then offered to prove, that the widow and heirs of Bentley, lived in Conway county, till within a few years past, and that his estate had not been divided, nor the widow's dower assigned: this, the court refused, and he excepted. The witness also stated, on cross examination, that not long before the execution issued and came to defendants hands, Owens moved above Lewisburg, in said county, and then had said negroes with him. Here the plaintiff closed. The defendant then offered to read certain depositions of witnesses, drawn up in the hand writing of the attorney of the defendant, which the court excluded, and he excepted. The other facts upon which the court decided, are sufficiently stated in the opinion of the court. The case came here by appeal.

*Cummins, Hempstead & Johnson,* for appellant. The depositions were improperly excluded: they seem to have substantially complied with the statute. *Rev. Stat. ch.* 48. And that they were material to Haynes, is manifest. Portions of the second deposition were improperly excluded.

The will of Bentley, with the offer to prove certain facts with regard to it, were improperly excluded from the consideration of the jury. *Territorial Digest.* 556. 2 *Stark. Ev.* 922. *Longford vs. Eyre,* 1 *P. Wm.* 741. 2 *Stark. Ev.* 929 to 934. 1 *Stark. Ev.* 190 to 192.

The plaintiff failed to show what actual damage he sustained, which is necessary in this species of action to a recovery. 2 *Stark. Ev.* 740. *Wild vs. Bartlett,* 10 *Mass. Rep.* 470. *Eaton vs. Ogier,* 2 *Greenl.* 46. *Russell vs. Turner,* 7 *J. R.* 189.

The plaintiff did not show that he pointed out property.

*Fowler,* contra.

*By the court,* LACY J. There were several exceptions taken on the trial below. Those that are material, relate to the exclusion of evidence and the instructions of the court. The suit was brought for a false return against the sheriff, and was tried upon the issues of *not guilty,* and *nul tiel record.* It was urged that a new trial should have been awarded, because after the issues were joined, the court tried the one of *nul tiel record,* and left the jury to determine the plea of not guilty. The question of *nul tiel record* was properly tried by the court, and although it may be somewhat irregularly determined, and out of order by that tribunal, still such irregularity furnishes no ground for awarding a new trial. The law fixing the sheriff's liability in such a case is plain and simple. It holds him to the discharge of due and proper diligence in the execution of his trust, and in levying the different processes that may come to his hands; and he could discharge himself from this liability only by showing that he has not been guilty of misconduct or neglect of duty. When an execution comes to the hands of that officer, he is bound to levy it with a reasonable despatch, and to use proper diligence in finding out property of the defendant and seizing it, and making such return as the law requires. When the plaintiff has established the fact, that an execution has been put in the hands of the sheriff, and that the defendant, at that time, had property sufficient to discharge the debt or any part of it, he is bound to make the levy, and if he fails to do so, he must show some unavoidable accident, that has prevented him, or that he could not seize the property by due diligence and exertion. The proof in this case clearly establishes these facts: that the execution came to the hands of the sheriff; that at the time he received it, and afterwards, the defendant in the execution was in possession of a considerable amount of property, which, in a short time, he ran to Texas, and thereby defeated the levy. The defendant in the execution, married the widow of George Bentley. The sheriff offered the will of Bentley in evidence, to prove that his wife took no dower in the

same time, to permit him to circulate them as money, and to hold the lands and slaves of the estate; but accepted in lieu thereof, a pecuniary compensation of five hundred dollars; and that the lands and slaves were the property of the heirs. This testimony, if received, could not have benefitted his case, or have varied the finding of the jury. Indeed, it would have materially strengthened the demand against him. By an inspection of the will, it is obvious that the widow was entitled to dower in the estate of her deceased husband, and Owens, by virtue of his marriage with her, took an estate in the lands and slaves which was subject to execution. In moving for a new trial, he appealed to the discretion of the court, and surely he has no right to complain that the court excluded testimony that fixed his liability. Again, the depositions, which were excluded, establish no fact or circumstance that would exhonerate him or show proper diligence. They show property in his possession after the execution came to his hands, and that other persons claimed it; but they wholly fail to show that they had good title. The proof on this point consists mostly of hearsay and belief, and certainly does not contradict the idea that the sheriff was guilty of laches or neglect of duty, or that the persons claiming the property, were the true owners; and consequently, on the motion for a new trial, the court properly refused to set aside the verdict on such testimony.

The defendant below has no cause to complain of the law, as the court gave it in charge to the jury, or of the verdict. By failing to make the levy, if the defendant had property when the execution came to his hands, our statute holds him liable for the whole debt in the execution, by way of penalty for neglect of duty. The judgment is affirmed.