## Kimball et al. vs. Merrick.

It is the proper practice for the Court to determine the issue to a plea of *nul tiel record*, by an inspection of the transcript of the record; and if the transcript fails to show that the Court rendering judgment had jurisdiction of the person of the defendant, it cannot be aided by other evidence.

Where it appears from the face of the transcript that the Court had not jurisdiction of the person of the defendant, he may avail himself of the objection under the plea of *nul tiel record*.

To warrant a judgment *in personam*, against the defendant, where he has not been served with process, it is necessary that he enter his appearance to the action, or do some act equivalent thereto—the recital in the record, by the clerk, at the time of rendering judgment, that *the defendant had appeared at a previous term*, is not sufficient evidence of an appearance to warrant a judgment as by default.

*Error to Pulaski Circuit Court.*

Hon. John J. Clendenin, Circuit Judge.

Before Mr. Chief Justice English, and Mr. Justice Batson.

Watkins & Gallagher, for the plaintiffs.

Fowler & Stillwell, for the defendant.

Mr. Chief Justice English delivered the opinion of the Court.

This was an action of debt, brought by Kimball and Robinson against Merrick, in the Pulaski Circuit Court. The action was founded on a judgment of the Court of Common Pleas for the county of Worcester, in the State of Massachusetts.

The defendant pleaded *nul tiel record*, and another plea about which no question is to be decided here.

On the trial of the issue to the plea of *nul tiel record*, the

plaintiffs offered in evidence two transcripts, embracing, together, the proceedings and judgment upon which the suit was founded; which the Court excluded, because they did not show that the Court, which rendered the judgment, had jurisdiction of the person of the defendant.

The plaintiffs then offered in evidence anew the transcript of the judgment, etc., in connection with several depositions, conducing to prove that the defendant had authorized an attorney to appear to the action in which the judgment declared on was rendered. But the Court excluded the evidence, so offered, and the plaintiffs offering to introduce no other evidence, judgment was rendered for the defendant. The plaintiffs excepted and brought error.

It was the proper practice for the Court below to determine the issue to the plea of *nul tiel record*, by an inspection of the transcript of the record, upon which the action was founded, offered in evidence by the plaintiffs. The depositions offered in aid of the transcript were not admissible under the issue. *State Bank* vs. *Sherrill*, 7 *Eng.* 183; *State Bank* vs. *Arnold et al.*, *Ib.* 180; *State Bank vs. Minikin*, *Ib.* 719; *Haines vc. Tunstall*, 5 *Ark.* 680; *Farrelly vs. Cross*, 5 *Eng.* 410; *State Bank vs. Conway* 13 *Ark.* 349; 9 *John* 287; 1 *Peters* 328.

The transcripts offered in evidence, by the plaintiffs, on the trial of the issue to the plea of *nul tiel record*, show that, on the 27th day of February, 1849, they sued out of the office of the clerk of the Court of Common Pleas, for Worcester county, Massachusetts, a writ of attachment, with a capias clause, directed to the sheriff of said county, etc., commencing, after the usual caption, as follows:

" We command you to attach the goods or estate of C. B. Allen, late of South Hadly, in the county of Hampshire, gentleman, and Thomas D. Merrick, of Little Rock, in the State of Arkansas, both late joint partners in trade of Louisville, in the State of Kentucky, to the value of twelve hundred dollars, and *for want thereof to take the bodies* of the said defendants (if they be found in your precinct), and them safely keep. So that

you have them before our Justice of our Court of Common Pleas, etc., etc., to answer," etc., etc.

The sheriff returned upon the writ that he attached *real estate* of the defendant *Merrick*, and not found as to Allen.

The declaration, which appears to have been filed after the return of the writ, and at the judgment term, also states that the defendant is a resident of *Little Rock, in the State of Arkansas.*

The judgment entry is as follows:

" This action was entered at June term, 1849, when the said Thomas D. Merrick appeared, and thence the same has been continued, from term to term, to this time, and now the plaintiffs appear, and the said Thomas D. Merrick, although solemnly called to come into court, does not appear, but makes default; and the plaintiffs in said action move for leave to discontinue against C. B. Allen, one of the defendants in said action, and to take judgment against Thomas D. Merrick, the other defendant in said action, and to amend their writ by striking out the words C. B. Allen, etc., etc.; which motion is allowed by the court. It is theretore considered by this Court to-wit: On the 36th day of this term, being the 14th day of January, 1851, that the said Aaron Kimball and John P. Robinson recover against the said Thomas D. Merrick, the sum of twelve hundred dollars damages, and costs of suit, taxed at $19 75."

It appearing, upon the face of the transcript, that the defendant was not a resident of the State of Massachusetts, and consequently not within the jurisdiction of the Court which rendered the judgment, it was not necessary for him to set up the fact of his non-residence, by special plea; but he had the right to avail himself of the objection that the Court had not jurisdiction of his person, under the plea of *nul tiel record.* Barkman vs. Hopkins et al., 6 Eng. 167; Buford & Pugh vs. Kirkpatrick, 13 Ark. 35.

It affirmatively appearing that the defendant did not reside within the territorial limits of the Court which rendered the judgment, there is no ground for *presumption* that the Court

had jurisdiction of his person when the judgment was rendered, and consequently this case does not fall within the reason of the rule established in *Borden et al. vs. State*, 6 *Eng.* 542; that the judgment of a Court of superior jurisdiction is not to be held void, etc., but falls within the principles settled in *Barkman vs. Hopkins*, 6 *Eng.* 157; *Iglehart vs. Moore*, 16 *Ark.* 55.

The writ commanded the sheriff to attach the goods or estate of the defendant, and for *want thereof*, to take his body.

The officer returned upon the process that he had attached real estate of the defendant, but does not return that he took his body, or in any manner served the writ upon him personally.

Upon this return the Court could legally render no other judgment than a judgment *in rem*, condemning the property attached to the payment of the plaintiffs' debt. To warrant the Court in rendering a judgment against the defendant *in personam*, it was necessary for him to enter his appearance to the action personally or by attorney, or do some act equivalent thereto.

The transcript shows that he was a non-resident of the State; that the writ was not executed upon him personally, and that he was in default when the judgment was rendered. In the judgment entry, made on the 14th January, 1851, it was recited by the clerk that " the action was entered at June term, 1849, when the said *Thomas D. Merrick appeared.*"

Is this recital of the clerk sufficient to show that the Court had jurisdiction of the person of the defendant, notwithstanding the other features of the transcript which manifest the want of such jurisdiction? It is to be observed that this portion of the entry does not purport to be the record of a fact which transpired in Court when the judgment was rendered, but the recital of something that occurred more than a year and a half before, and at a previous term of the Court.

According to the usual course of practice in Courts of record, if the defendant was really present, in person, or by counsel,

at the term of the Court referred to in the recital of the clerk, and entered his appearance to the action, or did any act equivalent thereto, some memorial of the fact should have been made at the time; and, if omitted, could only be made at a subsequent term by a *nunc pro tunc* entry. *Lyon vs. Evans,* 1 *Ark.* 360; 2 *Ib.* 441; 5 *Eng.* 451.

Moreover, if the recital of the clerk could be treated as possessing the merits of a record, the mere statement that the *defendant appeared*, amounts to nothing. Where it appears, as in this case, that process has not been executed upon the defendant personally, in order to constitute an *appearance*, in a legal sense of the term, there must be some substantive act by the defendant that constitutes him a party to the suit. *Murphy vs. Williams,* 1 *Ark.* 376; *Ib.* 497; *Woolford vs. Howell,* 2 *Ark.* 3; 4 *Eng.* 442.

It follows that the Court below did not err in excluding the transcript; that the judgment sued on having been rendered by a Court of Massachusetts, against a person not residing within the State, without service of process, or appearance to the action, is void for want of jurisdiction of the person, etc.

The judgment is affirmed, etc.