WILLIAM H. ANDERSON, AS ADMINISTRATOR, ETC., OF A. E. HODGES, DECEASED, PLAINTIFF IN ERROR, VS. E. W. AGNEW & CO., DEFENDANTS IN ERROR.

(Judge Call, of the Fourth Judicial Circuit, sat in the place of Mr. Justice Taylor, who was disqualified).

1. Where the entry of an appearance by the defendant is relied upon in this court as curing defects in the service of process, such entry of appearance is a matter that should appear affirmatively and distinctly from the record. A mere recitation by the clerk in a transcript of a record upon a writ of error made before the adoption of Special Rule No. 3 of the Circuit Courts (September 16th, 1895), that a defendant entered an appearance by some unnamed attorney, is not sufficient to show that defendant actually appeared in the case.

2. A suggestion of the death of the defendant stating the name of his duly qualified executor, and praying that such executor be made a party defendant in the case in accordance with the rule of court and statute governing such proceedings, when duly filed within the time limited by law for the presentation of claims, is equivalent to and dispenses with the actual presentation of the claim upon which the suit is brought.

3. In an action of trover the plea of not guilty raises no issue as to the plaintiff's property in the goods alleged to have been taken and converted by the defendant. Such plea only operates as a denial that the defendant committed the wrong alleged, *i. e.*, that he took and converted the goods to his own use.

## JUNE TERM, 1896. 31

Anderson, Admr., etc., v. E. W. Agnew & Co.—Statement of Case.

4. Under a plea of not guilty, the general issue in trover, the defendant can not prove the property or right of possession of the chattels in question to be in some other person than the plaintiff.

.5. The purpose in an action of trover of proving a demand and refusal is to show a conversion of the property; and it is wholly unnecessary to prove a demand where the conversion is otherwise shown.

Writ of error to the Circuit Court for Levy county.

### STATEMENT.

The defendants in error, who were plaintiffs below, on May 18th, 1881, brought their action in trover against A. E. Hodges in his life-time. The declaration alleged the conversion to his own use by said Hodges of 499 sticks of cedar timber belonging to the plaintiffs. To this declaration the defendant Hodges plead not guilty. Some other pleas were filed by the original defendant, but there being no contention that they are sustained by the evidence in the case, there is no need of further mention of them. No further action seems to have been taken in the case until October 27th, 1886, when the plaintiffs filed in the clerk's office a written suggestion of the death of the defendant, and in such suggestion stated that Charles B. Rogers was duly qualified as an executor of the deceased, and prayed that he be made a party defendant in the case. On the 20th of said month a notice had been issued in the case directed to Charles B. Rogers, as executor of the defendant, requiring him to appear on the first Monday in November then next and to show cause why he should not be made a party defendant in said cause, and that in default of such appearance judgment would be rendered against him by default. A

copy of this notice as well as a copy of the original summons in the case and also of the written suggestion above referred to, were served upon said Rogers as such executor on October 21st, 1886, in Duval county, Florida, by the sheriff of such last named county. The record contains a recitation by the clerk that the defendant, by his attorney (without naming him), entered his appearance in the case on the first day of November, 1886. No further proceedings were then had until April 26th, 1888, when the plaintiffs filed in the clerk's office a certified copy of the order of the County Judge of Levy county, Florida, showing that the said C. B. Rogers, executor of the last will and testament of A. E. Hodges, deceased, had been "relieved from further duties as such executor," and that the defendant, William H. Anderson, had been appointed on April 7th, 1888, "administrator *de bonis non cum testamento annexo* of the last will and testament of said A. E. Hodges, deceased." At the same time of filing said certified copy of said order the plaintiffs filed their written suggestion of the removal of Rogers as executor, and of the appointment and qualification of the defendant Anderson as administrator *cum testamento annexo*, and prayed that said Anderson as administrator be made a party defendant, and that summons *ad respondendum* be issued to him. Notice and summons were issued and served, and an order was made by the court May 7th, 1888, making said Anderson, as such administrator, a party to the suit. The defendant Anderson, as administrator de bonis non, etc., on June 3d, 1888, filed a plea, in substance, that on the 9th day of January, 1886, Charles B. Rogers was the duly qualified and acting executor of the estate of the said Andrew E. Hodges, deceased,

under the will of the said Hodges, and that on that day the said Rogers, as said executor, by an advertisement published once a week for eight consecutive weeks in the Florida State Journal, a newspaper printed in the county of Levy and State of Florida, the first publication of said advertisement being on the said 9th day of January, 1886, gave notice to all persons having claims or demands of any kind against the said Andrew E. Hodges, deceased, to present the same within the time prescribed by law, or that said notice would be pleaded in bar of their recovery; and that the claim or demand sued for in plaintiffs' declaration was not presented or exhibited to the said Charles B. Rogers, as said executor, or to any other representative of said estate within two years after said publication.

Issue having been joined upon the pleas, the case was on November 29th, 1889, by consent referred to John G. Reardon, Esq., a practicing attorney of the court, as referee therein for trial. On June 9th, 1890, the referee filed an order dated June 7th, 1890, reciting that the case "coming before me as referee upon the defendant's plea of the statute of non claim filed therein, and argument having been submitted by both parties thereto, and having duly considered the same, it is ordered and adjudged that the said plea be and the same is hereby overruled and not allowed." On June 24th, 1890, the case came on for trial before the referee, who found for the plaintiffs and assessed damages at $1,362.27, and $1,216.11 interest, total $2,578,-38, besides costs. A motion for new trial being denied, the defendant takes writ of error.

3

The errors assigned and argued are the overruling the plea of the statute of non claim, and in rendering judgment for the plaintiffs upon the evidence in the case.

Other facts are stated in the opinion of the court.

*Thos. F. King*, for Plaintiff in Error.

*Geo. H. Badger*, for Defendants in Error.

(Judge Call, of the Fourth Judicial Circuit, sat in the place of Mr. Justice Taylor, who was disqualified).

LIDDON, J., (*after stating the facts*).

In the argument upon the assignment of error predicated upon the overruling of the plea of the statute of non claim no question is raised as to the manner in which the ruling was made. Without reference to the procedure, the plaintiff in error contends that upon the record and the evidence in the case the judgment upon this plea should have been for the defendant. We consider the case as presented. Although the plea in question was overruled before the trial was had upon the other pleas, the defendant offered, without objection, his evidence to sustain such plea. Considering the proof of publication of the notice to all persons having claims against the estate of the deceased to have been duly made as alleged in the plea, the question arises whether the proceedings taken in the case against Rogers, as executor, within the time limited by the statute for the presentment of claims was equivalent to a presentation of the demand sued upon, or dispensed with the necessity of such presentation. In considering such question the transcript being filed be-

fore the adoption of special rule No. 3 of Circuit Courts adopted Sept. 16th, 1895, we do not consider as of any validity the recital of the clerk that the defendant appeared by his attorney in the case. It is well-settled by many decisions of this court that a voluntary entry by a party defendant or his authorized attorney of a general appearance in a cause, or the doing of any act fully equivalent to such entry of a general appearance, cures all defects in the service of the writ, and is legally conclusive that such party had notice of the demand sued upon, and gives the court jurisdiction of his person. But such entry of appearance, or its equivalent act, is a matter that should appear affirmatively and distinctly from the record. Where the defendant has not been legally served with process, or has filed no plea, or taken any other step to defend the suit, a mere recitation by a clerk in a transcript of record upon a writ of error that he entered an appearance by some unnamed attorney, is not sufficient to show that he actually appeared in the case. Barker vs. Shepard, 42 Miss. 277, and other Mississippi cases cited in text, pages 282 *et seq.;* Crary vs. Barber, 1 Colo. 172; Kimball vs. Merrick, 20 Ark. 12. Therefore, if the effect of the statute of non claim is avoided by the proceedings taken against Rogers, as executor, it must either appear that a legal notice or writ issued against him in the case, and was served upon him, or that such issuing and service were unnecessary. The suggestion of the death of the defendant, filed, to make said Rogers, as executor, a party was in strict compliance with Circuit Court Common Law Rule 36, and with the statute then in force (sec. 75, p. 830 McClellan's Digest; sec. 45, Chap. 1096 laws of Florida, acts of 1861). The plaintiff did all that was incumbent

upon him, and the proper writ or notice should have been issued by the clerk. We do not think it necessary to determine whether a notice in due and legal form was properly issued and served. Under the rule established by this court the action taken by the plaintiffs to revive the suit against Rogers, as executor of the deceased defendant being taken within the time limited by law for the presentation of claims is equivalent to and dispenses with an actual presentation of the claim. In Ellison vs. Allen, 8 Fla. 206, the defendant died after service of process. The statute (act of 1838, sec. 3, p. 332 Thompson's Digest) then in force required that upon the death of a party defendant to a suit the plaintiff might sue out a *scire facias* requiring the executor or administrator of the defendant to appear and answer the cause. Said *scire facias* was to be served in the same manner pointed out by statute for the service of other process. After the death of the defendant, but before the expiration of the time limited by statute for the presentation of claims to the administrator, the plaintiff asked for and obtained an order for a *scire facias* to make such administrator a party defendant in the suit. The administrator seems to have lived, and administration to have been granted, in a county other than that where the suit was pending. No *scire facias* was issued upon the order. The court held that the obtaining of the order for the *scire facias* was equivalent to and dispensed with the actual presentation of the claim. In the body of the opinion the reasons are stated upon which the court rested its conclusions, which are unnecessary to be repeated here. The suggestion filed in the case under consideration, and the notice issued in pursuance thereof, were under the provisions of a

later statute, and were substitutes for the former pro-
ceedings by *scire facias*. They were substantially the
same character of proceedings; the difference between
them being more nominal than real. It was as much
the duty of the clerk to issue the proper notice under
the suggestion filed by the plaintiffs as it was his duty
under the old law to issue the *scire facias* upon the
order of the court therefor. The rule applied in Elli-
son vs. Allen, *supra*, is properly applicable to this
case. In Bush vs. Adams, 22 Fla. 177, this court held
that the facts of the case did not come within the prin-
ciple of Ellison *vs.* Allen, but in the opinion it is
stated to be a duty to apply the principle to cases fall-
ing within it, although the doctrine announced is as
liberal as the terms and policy of the statute will sus-
tain.' The reasons are stronger in this case than in
Ellison vs. Allen why the proceedings taken to make
the executor, Rogers, a party should be held equiva-
lent to a presentation of the claim, or sufficient to dis-
pense with such presentation. In that case no *scire
facias* issued at all, and there is nothing to show that
the administrator had within the time limited by the
statute of non claim any knowledge or notice whatever
of the suit. In this case the notice actually issued as
provided by statute, and while these may perhaps not
have been in perfect legal form, and legal service of it
may not have been made, there was a notice actually
issued in fact, and notice and knowledge of the suit as
a matter of fact brought home to the executor.

It is also contended that upon the evidence sub-
mitted upon the plea of not guilty the judgment should
have been for the defendant. Among other matters
wherein it is claimed that the plaintiffs failed to sus-
tain their case it is argued that the plaintiffs did not

show a sufficient title to the property which they charged the defendant with converting to his own use, and that the title to the land from which the sticks of cedar in controversy were taken was not in the name of the plaintiffs' firm, but stood in the name of one of the plaintiffs individually, and another person. Unfortunately for this contention there is no plea in the case which presents any issue as to plaintiffs' title. The plea of not guilty raises no issue as to the plaintiffs' property in the goods alleged to have been taken and converted by the defendant. It only operates as a denial that the defendant committed the wrong alleged, *i. e.*, that he took and converted the goods to his own use. Circuit Court Common Law Rule 75;. Stewart vs. Mills, 18 Fla. 57. Under the plea of not guilty, the general issue in trover, the defendant can not prove the property or right of possession of the chattels in question to be in some other than the plaintiff. Robinson vs. Hartridge, 13 Fla. 501, text 508 *et seq.*

It is contended that the findings of the referee were not supported by the testimony, because such testimony, fails to show a taking and conversion of the property by A. E. Hodges. It would serve no useful purpose to sum up or analyze the testimony, and we do not do so. We deem it sufficient to say that while it was not so full, complete and satisfactory as it might have been, yet it was sufficient to authorize the referee to find for the plaintiff.

It is also contended that the plaintiffs should not have maintained their suit because they made no proof of a demand before suit was brought. The record does show proof of demand made upon Joel Hodges, the agent of the deceased defendant A. E. Hodges. It.

was not necessary, however, to have proven such demand. The proof of the conversion being complete, no proof of demand before suit was necessary. The purpose in an action of trover of proving a demand and refusal is to show a conversion of the property, and it is wholly unnecessary to prove a demand where the conversion is otherwise shown. Robinson vs. Hartridge, 13 Fla. 501, text 515; 26 Am. & Eng. Ency. of Law, 728.

The judgment of the Circuit Court is affirmed.