Gwin *v.* Williams.

---

ALEXANDER GWIN *v.* GEORGE T. WILLIAMS, Lessee, &c.

The appearance of a party in court may be shown by an entry made upon the record, under the sanction of the court, or by plea. If the party makes his personal appearance, it is an essential step in the suit, and should be entered by the court upon its record.

The appearance of a defendant is not to be shown only by his plea; but where the record shows that the defendant appeared to the action, it must be taken as true.

Gwin *v.* Williams.

There is no statute in this State requiring pleas to be drawn up in writing; but it is generally required by the court as a matter of convenience.

The courts, in the exercise of their discretion, may allow the parties to make up their issues on the record; and the essential thing is that the issue must appear of record, but the manner in which it must appear, is necessarily to be regulated by the court below, and by the course of the parties, or their counsel.

The legal merits of every lawsuit depend, first, upon the facts of the case, and second, upon the rules of law arising from these facts; and without the facts showing the merits of the case, either proved or admitted, no controversy can be properly considered by a court of justice.

Where a suit has been tried upon issues of fact, which are the foundation of the case, this court cannot know the facts except through the medium of a bill of exceptions, unless by agreement of the parties.

The substantial question presented in this court upon a writ of error to the judgment of an inferior court is, whether that judgment is just upon the facts shown; for the ruling of the court may be erroneous, and yet the judgment be clearly correct.

Where none of the facts or evidence appear by the record, the instructions given in the case will be presumed to be proper, though not correct as general legal propositions, unless under no state of evidence that can be conceived, they could be correct legal rules as applicable to the case.

ON appeal from the circuit court of Warren county; Hon. P. W. Tompkins, judge.

This was an action of ejectment brought in the circuit court of Warren county by the appellee for certain land. Notice was issued in the usual form, but was never served, and at the April Term, 1847, Alexander Gwin was admitted defendant in the room of the casual ejector, and by his attorney pleaded the general issue, confessing lease, entry, and ouster.

The plaintiff in the court below asked the following instructions to the jury, which were given.

1. If the jury believe from the evidence that the land in controversy was entered by Wm. M. Gwin prior to the year 1838, and was in the year 1838 conveyed to Runnells, Stone, and Williamson, before sale and assignment of certificate to any one else, and the title of Runnells, Stone, and Williamson, has been conveyed according to law to the lessors of the plaintiff, and also that the defendant was in possession of the same land at the time of the commencement of this suit, they must find

for the plaintiff, notwithstanding the patent to Edmund H. Taylor, and the deed by him to the defendant.

2. That if Wm. M. Gwin entered the land, the legal title, under the law of this State, vested in him at the time of the issuance of the certificate of entry, and not from the time the certified copy from the book, or entries of land, was given by the register, M. Morgan, and if Wm. M. Gwin sold said land in 1838 to Runnells, Stone, and Williamson, and before he sold and transferred certificate to any one else, the issuance of the patent in 1844 to Edmund H. Taylor did not convey a legal title to him superior to that previously conveyed by said Gwin to Runnells, Stone, and Williamson, and they must, if they are satisfied defendant was in possession of the land at the commencement of the suit, find for the plaintiff.

3. If the jury believe from the evidence that the defendant was in possession of all the land mentioned in the declaration, (except that portion of it lying in Issaquena county, namely, section 36,) at the time of the commencement of this suit, and the plaintiffs have traced their title by valid deeds to William M. Gwin, and it was entered by him, they must find for the plaintiffs for all the land, except that part of it embraced in the patent to Taylor, assignee of Gwin.

4. If the jury believe from the evidence that the defendant informed the witness, Capt. Garland, just before this suit was instituted, or in February before he, defendant, was in possession of all the land mentioned in the declaration, and there has been no evidence of his subsequent removal, or surrender of possession, the presumption is that he has continued in possession since the time of his information to Capt. Garland, as above mentioned, till the present; provided they are satisfied, from subsequent possession, that the possession has been continued without interruption.

The defendant asked the following instructions : —

1. The court instructs the jury that the plaintiffs must prove a perfect legal title in themselves, emanating from the government, or fail in their action. The defendant is not required to show any title until the plaintiffs have shown in themselves a complete legal title.

2. The plaintiffs must show the defendant to have been in possession of the land in controversy at the date of the commencement of their suit, or they must fail in their action.

3. The patent in this case to Taylor is absolute and conclusive evidence of legal title to the land mentioned, and the plaintiffs cannot go behind said patent for the legal title, unless the same be attached for fraud.

4. The court instructs the jury that the certificate of Austin Morgan, introduced in evidence in this case, is not evidence of legal title emanating from the government prior to its issuance; and unless it issued from the land-office before the commencement of this suit, the jury must find for the defendant. The court refused to give this.

5. Unless the jury believe that a patent, or a certificate of entry, issued from the general government, the certificate of Austin Morgan is not evidence of title.

6. The court instructs the jury that a certificate of entry is not a legal title, except for the purpose of maintaining an action of ejectment in the hands of a holder, or his assignees, and is not such a legal title as may be sold under execution. This instruction was also refused.

The following agreement was entered on the record by the consent of the counsel for plaintiff and defendant:—

We agree that if the jury find for the plaintiff, they may give a verdict generally for the plaintiff, excepting in it any part of the land for which they do not find for him; and that the judgment may be given according to the plaintiff's proof in the record, specifying the quantities of the several interests, and the parcels of land to which they extend, and attach under the demises as on verdict.

*F. Anderson* for appellant.

This was an action of ejectment commenced in the circuit court of Warren county by the defendants in error.

There is a notice attached to the declaration directed to Alexander Gwin, in the usual form, and signed by Richard Roe, who is charged as the casual ejector. But there was no service of this notice on Gwin. It appears that at the April term,

1849, " Alexander Gwin, on his motion, was admitted to defend in the room of Richard Roe, and thereupon by his attorney comes and defends the wrong and injury when, &c., and pleads the general issue, confessing lease, entry, and ouster, &c." But this entry on the record is a mere recital by the clerk, there being in fact no entry of appearance in plea by counsel, the above recital of the clerk being the only appearance, plea, or issue in the cause. 5 Yerg. R. 303. It was error to go to trial in this state of the pleadings, for several reasons.

1. It did not appear that Alexander Gwin was the tenant in possession. The proceedings in this respect were very strict at the common law, whose process in the action of ejectment has been adopted by our statute. It was necessary that it should appear that the notice had been served on the " tenant in possession," and this for a very plain reason, namely, that unless this should appear a fictitious person, or a mere employer of the plaintiff might present himself, ask to be made a defendant, and then permit judgment to go against him. Therefore it was held essential that it should appear on oath that the notice was served on " the tenant in possession." Under our laws, the return of the sheriff, a sworn officer, is of course substituted for the oath required at common law, and therefore the action of the court admitting the party to defend as " the tenant in possession," is a sufficient guaranty that no fraud is practised on the court. But in this case, we have neither the oath required at common law, nor the return of the sheriff, nor the judgment of the court ascertaining that Gwin was the tenant in possession, without some one of which securities for fair dealing, it is plain that a plaintiff might institute a suit against John Doe, get a creature of his own, without service of process, to come in and enter his appearance, (he not being tenant in possession,) and therefore get a judgment that he recover his unexpired term, and turn the real owner and tenant out of possession.

Where is the fact apparent on this record, that the question of title has been decided between the plaintiff and the party interested to defend the possession ?

It may be said that under our law the plaintiff is required to

prove possession in the defendant; but this is no answer to the position I have taken, for the fictitious defendant, whom he might, without the securities I have adverted to, introduce nominally to defend, might admit the possession in himself. See Adams on Ejectment, pp. 13, 243, 244, 245, 266, 270; 2 Scam. R. 307, 480.

2. This is no appearance at all; it is true that an appearance by attorney and plea is a sufficient appearance; but it is equally true, that the mere recital of such appearance by the clerk, is not sufficient appearance. 5 Yerg. 302; 24 Miss. 246; 14 S. & M. 259; 5 Ib. 210; 8 S. & M. 421; 2 Ib. 213, 307; 6 Pick. 246; 5 Wend. 157, 158; 6 Johns. 301.

3. Even if the recital alluded to be construed into an appearance, yet there is no plea or issue joined which the jury could try. 2 S. & M. 307; 24 Miss. 246.

During the progress of the case, various instructions were asked and given for the plaintiff, and some asked by the defendant, and refused.

It will not do for the defendant in error to say that these instructions cannot constitute error, since their applicability to the question in controversy is not shown. This might be objected by him to any instructions offered on the other side and refused, but he is certainly estopped from asserting that the instructions asked by himself and given, were not applicable to the case. Hutch. Co. 893, and Acts of 1846. Besides, his instructions show that a state of case did exist which required the instructions asked by him before he could get a verdict.

The first and second instructions for the plaintiff, then, show that the defendant introduced a patent from the government to the land, or a part of it, as an outstanding title, and the court being asked, instructed the jury that a certificate of entry constituted a better title than this patent, which was manifestly erroneous. 9 S. & M. 130; 13 Peters, U. S. C. R. 498, 515–517; 13 Ib. 436, 450. For these reasons, I confidently submit the judgment must be reversed and the cause remanded.

*D. Mayes* for appellee.

The papers purporting to be a bill of exceptions and instruc-

28 *

Gwin *v.* Williams.

tions cannot be noticed, for they are copied into a paper which has not been signed as a bill of exceptions, and they are not on the record in conformity with the statute. Hutch. Co. 893, which provides " that when instructions are given or refused as aforesaid, the same shall be noted by the clerk at the time, as given or refused, and shall be, when so noted or indorsed, a part of the record without any bill of exceptions, either on appeal or writ of error, to the high court of errors and appeals." These papers have not been noted by the clerk as required by the statute. They only come to us as parts of the unsigned bill of exceptions. But if noted by the clerk, they contain but abstract propositions, and this court will not reverse, whether they were or were not correct. To do so would be to convert the circuit court and the appellate tribunals into courts to settle mere moot questions, instead of tribunals to expound and apply the law to facts. It cannot prejudice a party, that the judge decides correctly or incorrectly on a question which does not arise in his cause. On this point, 3 Humph. R. 56; 7 Port. R. 94; 7 Miss. R. 416; 8 Ib. 224, 707; 9 Port. 403; 7 Miss. 589; 2 Humph. R. 518; *Phelps* v. *Tyler,* 4 Monr. 178; 3 Ala. 599; *Reed* v. *McGrew,* 5 Ham. 375; *State* v. *Hayward,* 2 N. & M. 312; *Pitman* v. *Breckenridge,* 3 Gratt. 127; *Randall* v. *Paramore,* 1 Branch, 409; *Armstead* v. *Thomas,* 9 Ala. 586. But there is no error in the instructions given on motion of plaintiff.

It has been suggested that there was no plea, and that this might be cause of reversal. The action of ejectment at common law differed from all actions in this. That the general issue, namely, Not guilty, was, from its nature, the only plea in bar of which it admitted, for let the defence be what it might · when superficially examined, when its true legal character was scrutinized, it resolved itself into a denial that the lessor of the plaintiff had a right of entry at the time of the demise laid in the declaration, and therefore really a plea of the general issue was in fact but matter of form, to bring before the jury an investigation of the facts, and it might well be contended that in this action no pleading was necessary at all. The ancient practice was to enter into the consent rule by words in the future tense,

in which the tenant undertook that he would confess lease, entry, &c., and plead the general issue, and afterwards a formal plea of not guilty was added, as in the precedent of the consent rule and plea in the precedents in Adams on Ejectment, (ed. of 1821, N. Y.,) Appendix, 360, 361, n. 28 and 30.   But the entering into this executory agreement unnecessarily lengthened the record, and the consent rule and plea have been long entered in words of the present tense, as in the precedent in Robinson's Forms, 125, which is precisely the consent rule and plea in the present case.    That this is the regular and correct practice, see 1 Rob. Pract. 452.    In Mississippi, there has been no uniform practice.   In some instances we find the consent rule and plea, as in the earlier editions of Adams above; in others, as in Robinson, before referred to; and in others, according to the still further improved practice of extending the consent rule to an admission of the possession of the tenant at the time the suit was brought; either is good.    Besides which, in the present case, the agreement of record covers the whole subject of the finding.

*A. Burwell* on the same side.

1. The record shows the party did appear.   He pleaded; he consented; he continued; he surveyed; he argued by counsel on the trial; he consented to adjourn the jury; he agreed to a special verdict.    If all these things do not show appearance, there can be no record appearance in any case.

2. There is a plea in the usual form, and after verdict the court will not set it aside, if the substance of the law has been complied with.    See 1 Chitt. Plead. 790, as to what will be intended after verdict.

3. The instructions are abstractly right; compare first instruction for plaintiff with the first for defendant.    If there is any error in any given for plaintiff, the error is cured by all the instructions taken together.    All the instructions are part of record.    Taken all together, the instructions, for aught that appears, are right.    The reference in first instruction to a patent, and to other facts, shows that it was not an instruction

on an abstract proposition, but on a state of facts, which must be before the court, before you can say there is error.

Mr. Justice HANDY delivered the opinion of the court.

This case is brought here upon writ of error to a judgment in ejectment against the plaintiff in error, in favor of the defendant in error.

The first objection made to the judgment is, that it does not appear that the defendant below was the tenant in possession. We think it a sufficient answer to this objection that he appeared and pleaded to the action; and inasmuch as proof of his possession was essential to the maintenance of the action, it will be presumed, in the absence of evidence to the contrary, to have been made.

But it is insisted that there was no appearance or plea by the defendant, and no issue to be tried.

It does not appear by the record that the notice attached to the declaration, though addressed by the casual ejector to the defendant as tenant in possession, was ever served upon him. But the record shows the following entry: " Afterwards at a circuit court held, &c., Alexander Gwin, on his motion, is admitted defendant herein in the room of said Roe, and therefore, by his attorney comes and defends the force and injury when, &c.; pleads the general issue, confesses the lease, entry, and ouster in the declaration supposed, and agrees to insist on the title only at the trial."

As to the appearance, it may be shown either by an entry made on the record, under the sanction of the court, or by the plea of the defendant. If he makes his personal appearance, it is an essential step in the suit, and should be entered by the court upon its record. Such has been the practice from time immemorial to the present day. 1 Tidd's Pr. 213, 214, (4th ed.); Steph. Pl. 32, (1st ed.). It is necessary in many cases, as in this, to show the jurisdiction of the court. It is manifest that the appearance of the defendant is not to be shown only by his plea; for he may appear and decline to plead; in which case the judgment is not one of default, but on appearance and *nil*

*dicit.* When the record shows that the defendant appeared to the action, the entry is not merely an unofficial act of the clerk, but a necessary and proper part of the record as made by the court, and must be taken as true:

Nor do we think that this record can be regarded as not showing a plea and issue, substantially good for all the purposes of the suit. It is true, no formal plea of not guilty is drawn out and signed by the defendant or his counsel. But the record shows that he did appear and plead the only plea allowed by our laws to be pleaded in such a suit. We are aware of no statute in this State requiring pleas to be drawn up in writing. It is generally required by the circuit courts as a matter of convenience. But there is nothing to prevent these courts, in the exercise of their discretion, to allow the parties to make up their issues on the record. The essential thing is, that the issue must appear by the record; but as to the manner in which it must appear, it must necessarily be regulated by the circuit court, and by the course of the parties or their counsel; and accordingly, the cases are numerous in which pleas of this simple character, replications, &c., are entered in short by consent of parties. If such a practice be proper, we can see no reason why the parties should not have the issue made entered on the record, under the sanction of the court. The only objection against such a course would seem to be that it might not be full, distinct, and certain. But this cannot apply in the present case; for it is impossible that the plea of the general issue can be misunderstood by legal minds.

In this case, it appears by the record that the defendant appeared and conducted the defence throughout, by his attorney, offering instructions and making a motion for a new trial. These steps go but to confirm the legal presumption arising from the record, that the defendant appeared and made up the issue as it is shown by the record, and that that was intended and treated by the parties and the court, as presenting the issue instead of having it drawn up in due form. We think, therefore, that the record sufficiently shows that an issue was made and tried, and, with all necessary certainty, what that issue was.

The last question presented, arises upon the instructions granted by the court at the instance of the plaintiff, and those asked by the defendant and refused.

This case is brought up on a motion for a new trial overruled, but there is no bill of exceptions which the court can notice, showing upon what state of evidence the case was tried. But it is insisted that, as the instructions are made part of the record by the provisions of our statute, it is the duty of this court to examine them irrespective of the evidence, and if they do not declare the rules of law properly, the judgment should be reversed.

We do not think this position well founded. The legal merits of every lawsuit depend, first, upon the facts of the case; and secondly, upon the rules of law arising from those facts; and without the facts showing the merits of the case, either proved or admitted, no controversy can be properly considered by a court of justice. When a suit has been tried upon issues of fact, as in this case, this court cannot know the facts, which are the very foundation of the case, except through the medium of a bill of exceptions, unless by consent and agreement of the parties. The substantial question presented in this court upon a writ of error to the judgment of an inferior court is, whether that judgment is just and correct upon the facts shown. The rulings of the court may be erroneous, and yet the judgment be clearly correct, and judgments under such circumstances have been frequently affirmed by this court. But yet it is impossible for the court to determine upon this point, because it is not in possession of the very essence of the case, and it finds itself called upon to say that the judgment of the court below is wrong, without having the case before it upon which that court pronounced its judgment. Such a proceeding, we think, would be in the highest degree anomalous and mischievous, and we think it was not the intention of the statute referred to, to dispense with the incorporation of the evidence on which a case was tried, into the record; or that the judgment below should be examined in this court without the evidence properly presented.

But even if the above view of the subject were not correct,

we think it a sound rule, that where none of the facts or evidence appear by the record, the instructions will be presumed to be proper, though not correct as general legal propositions, unless under no state of evidence that could be conceived they could be correct legal rules as applicable to such a case. Upon an examination of the instructions granted, and refused here, it does not appear that under no possible state of evidence to which the rulings of the court could have been applicable, the action of the court could have been correct, but on the contrary, a state of evidence is easily conceivable, under which the court might have acted properly.

In either of these views of the subject, the judgment should be affirmed, which was accordingly done.