## W. M. C. STEELE *v.* B. T. PALMER.

1. PRACTICE: JUDGMENTS.—Judgments rendered without issues to be determined by them, are nullities.

2. SAME: DEMURRER TO EVIDENCE.—On a demurrer to evidence, the record must show an issue of law as to the sufficiency of the evidence adduced to maintain the issue presented by the pleadings. A recital in the record, that defendant demurred to the evidence, without any demurrer appearing in the record, is insufficient to support. a judgment overruling such demurrer.

ERROR to the Circuit Court of Chickasaw county. Hon. W. H. Kilpatrick, judge.

*Tucker & Green* for plaintiff in error.

*Orr* and *Owen* for defendant in error.

HARRIS, J., delivered the opinion of the court.

On the 27th day of March, 1866, the defendant in error sued out his attachment before the clerk of the Circuit Court of Chickasaw county, which, on the same day, came to the hands of the sheriff, and was levied on certain property of the plaintiff in error. On the 9th of April, 1866, the declaration was filed, to which the plaintiff in error filed his plea in abatement, setting up the pendency of a prior attachment sued out by the same plaintiff against the same defendant and for the same identical cause of action, and made returnable to the same court and at the same term thereof. To this plea there was a demurrer, which does not appear in the record, though there is a judgment in the record overruling such demurrer, and reciting that thereupon the plaintiff joined issue with said defendant on said plea in abatement.

Immediately following this entry in the record is the following:

"And when the defendant closed his testimony in support of said plea, the plaintiff demurred to his evidence, and the court sustained the demurrer and gave judgment on the issue for the plaintiff; and the defendant saying nothing further in bar or preclusion of plaintiff's action, it is considered, and so ordered, adjudged and decreed by the court, that the plaintiff have and recover of the defendant the sum of eleven hundred and sixty-eight dollars and fifty cents, for which execution may issue, together with the costs in this cause expended. It is further ordered that a *venditioni exponas* issue to the sheriff to sell the property attached."

From this judgment the defendant below sued out this writ of error, and seeks its reversal here.

The merits of the controversy in the court below are not presented in this record. The record shows neither an issue of law or fact. There is no demurrer appearing in the record, and a judgment without an issue, to be determined by it, is a nullity.

In a demurrer to evidence, the party demurring states what has been proved in the case, and concludes with alleging that it is not sufficient in law to maintain the issue joined on the part of his adversary, &c., wherefore he demurs thereto in law, and for want of sufficient matter in that behalf, he prays judgment, &c. The other party then joins in demurrer, alleging that the matter shown in evidence is sufficient in law to maintain the issue on his part. This constitutes an issue of law, upon which the court renders judgment. But without an issue thus appearing in the record, a mere recital, that the plaintiff below demurred to the evidence, will be insufficient to support the judgment.

Let the judgment be reversed, cause remanded, and a venire de novo awarded.