CHARLES SCHIRLING *et al. v.* LEONARD SCITES and WIFE.

1. APPEARANCE : RECITAL IN THE RECORD NOT CONCLUSIVE.—A recital in the record by the clerk, in the absence of a plea that the defendants appeared by attorney, will not constitute an appearance for those not served with process, and will not warrant a judgment against them. *Pittman* v. *Planters' Bank,* 1 How. 527 ; 2 S. & M. 213 ; 14 S. & M. 75.
2. SAME : BY ATTORNEY : EFFECT OF GENERAL PLEA.—Whenever an appearance by attorney is entered on the record, it is always considered that it is done by the authority of the party.   A plea filed by attorney will be considered as an appearance for all the defendants, unless there is something in its language to restrict its application.
3. SAME : REMEDY AGAINST ATTORNEY ENTERING AN APPEARANCE WITHOUT AUTHORITY.—A judgment rendered upon the appearance of an attorney who acted without authority is regular.   The injured party has his remedy at law against the attorney ; but where he is not able to respond in damages, or where there is fraud or collusion between him and the plaintiff, a Court of Chancery will interfere and grant relief.

ERROR to the Circuit Court of Amite county.   Hon. James H. Smiley, judge.

*Simrall & McKnight* for plaintiffs in error.

No counsel for defendants in error.

PEYTON, J., delivered the opinion of the court.

The defendant in error brought an action of assumpsit on a promissory note, in the Circuit Court of Amite county, against the plaintiffs in error.   The summons was legally executed on two of the defendants below, Charles Schirling and William L. Huff, and the sheriff made the following return on the sum-

Charles Schirling et al. *v.* Leonard Scites et ux.

mons as to the other defendant, Francis C. Wren: " Served on F. C. Wren by leaving a copy with his wife, at his usual place of residence, Nov. 21, 1865."

To this action the record contains a plea of the general issue, in the words and figures following, to wit: " And now at this November term, 1865, come said defendants by attorney, and for answer to said complaint say, that they did not undertake or promise, in manner and form as in said complaint alleged, and of this they put themselves upon the country." This plea is signed by attorneys. On an issue upon this plea, the cause went to trial, which resulted in a verdict and judgment in favor of the defendants in error against all the plaintiffs in error for the sum of $556.36. To reverse which judgment the plaintiffs in error now prosecute a writ of error to this court, and rely for the reversal of said judgment on the ground that the summons had not been legally executed upon one of the plaintiffs in error, Francis C. Wren.

The counsel for the plaintiffs in error insist that their plea was not an appearance for Wren, nor his plea; that the defendants in the plea meant only those who were legally served with process. We cannot agree with counsel in this view of the law. It is true that a mere recital in the record by the clerk, in the absence of a plea for the defendants, " that the defendants appeared by attorney," will not constitute an appearance for those not served with process, and will not warrant a judgment against them. *Pittman et al.* v. *The Planters' Bank*, 1 How. 527 ; *Dean et al.* v. *McKinstry et al.*, 2 S. & M. 213 ; *Edwards, et al.* v. *Toomer et al.*, 14 S. & M. 75. But the law is very different where there is a general plea for the defendants.

It is impossible to limit this plea to any particular defendants. It professes to speak for all of them, and is therefore an appearance for all the defendants, as well those who had not been served with process as those who had. If the attorneys have acted without authority, the defendant, Wren, has his remedy against them ; but the judgment is still regular, and the appearance entered by the attorneys, without warrant, is a

good appearance as to the court. In such cases the usual course has been to turn the injured party over to his remedy at law against the attorney. But in case he is not able to respond in damages, or where there is fraud or collusion between him and the plaintiffs, the Court of Chancery would be the appropriate tribunal to interpose and grant relief.

It is not the practice in this State to require a warrant of attorney to authorize the appearance of a defendant by attorney; the rules of practice, therefore, in England, in relation to that subject, are not applicable to the proceedings of the courts of this State. But the party may, by the law and practice of the courts of this State, appear either in propria persona or by attorney; and whenever the appearance of an attorney is entered on the record, it is always considered that it is by the authority of the party; and whatever is done in the progress of the cause by such attorney, is considered as done by the party and binding upon him. And whether the attorney is faithful to his trust or not, is a matter between him and the party, his client, to whom he is responsible for the faithful discharge of his duty.

When, therefore, an attorney on the record files a plea for the defendants in a suit, it will constitute an appearance for all the defendants, as well those that have not been served with process as those that have, and it will be presumed to be done at the instance and by the authority of all the defendants, and the court looks no further, but proceeds as if the attorney had sufficient authority, and leaves the injured party to his action against him. 1 Bacon's Abridgments, Bouvier's ed. 486; *Denton* v. *Noyes,* 6 John. 296; *Rust* v. *Frothingham,* Breese, 260; *Jackson* v. *Stewart,* 6 John. 34; *Jones et al.* v. *Hunter,* 4 How. 342; *Henderson* v. *Hamer,* 5 How. 525; *Miller and others* v. *Ewing and others,* 8 S. & M. 421; *Smith* v. *Bowditch,* 7 Pick. 137.

By licensing attorneys, the courts recommend them to the public confidence; and if the opposite party, who has concerns with an attorney in the business of a suit, must always, at his peril, look beyond the attorney to his authority, it would be productive of great public inconvenience. It is not usual for

an attorney to require a written warrant from his client. He is generally employed by means of some secret, confidential communication. The mere fact of his appearance is always deemed enough for the opposite party, and for the court. If his client's denial of authority is to vacate all the proceedings, the consequences would be mischievous. The imposition might be intolerable.

The judgment must, therefore, be affirmed.