## JOHN L. GIEGOLT *v.* JOHN S. JOOR.

1. EXEMPTION. *In personalty. How claimed. Seizure under execution.*
   Where an officer levies an execution upon all of the defendant's personal property, not knowing what part thereof is claimed as exempt, is it necessary for the defendant to point out that which he claims for his exemption, in order to render the officer liable for selling the same together with the other property levied on, or is it sufficient for him to notify the officer generally that he claims his exemption in the property seized. *Quære?*

2. SUPREME COURT PRACTICE. *Bill of exceptions. Absence of depositions.*
   Depositions in suits at law cannot be noticed by this court unless contained in the bill of exceptions, even though they are found in the record and referred to in the bill of exceptions.

APPEAL from the Circuit Court of Sharkey County.
Hon. B. F. TRIMBLE, Judge.
The case is stated in the opinion of the court.
*Leigh Clark,* for the appellant, filed a brief, discussing
60 Miss. — 52

fully the merits of the case, but it is not deemed proper to report the same here, as the opinion of the court is based exclusively upon a question of practice, raised in this court by the appellee after the filing of the brief for the appellant.

*Miller & Hirsh,* for the appellee.

Under the issue joined it became necessary for the plaintiff to prove, (1) that he was in a position to claim the benefit of the exemption laws; (2) that the property levied on and sold was his, and (3) that the property sued for, to wit, two certain mules, was exempt by law from seizure under execution. There is no proof in the record to support either of these points. True, the clerk has embodied, in the transcript, what purports to be a deposition of one John L. Giegolt, plaintiff in the case, but it is not set forth in the bill of exceptions, nor certified as part of the evidence adduced upon the trial. The deposition is not attempted to be set up in the bill of exceptions, and if referred to at all, is only in this general way: " See deposition, with reference to objections to certain interrogatories." The clerk cannot make a deposition part of the record by writing it in the transcript merely, nor can even the circuit judge do so by writing in a bill of exceptions such words as the above.

*Nugent & McWillie,* on the same side, filed an elaborate brief on the merits of the case.


CHALMERS, J., delivered the opinion of the court.

Plaintiff sued the defendant, sheriff, for damages for having sold his two exempt mules under execution.

The legal question decided below and argued here is this: Where a defendent in execution is the owner of more personal property than the law exempts, and the officer, not knowing which portion the debtor proposes to select, levies upon the whole; must the debtor point out the particular portion he desires to preserve, or is it sufficient that he notifies the officer generally that he claims his exemptions, and can he thereafter hold him liable if he sells the whole?

The court below held that it was the duty of the exemptionist, who had an opportunity to do so, to indicate the particular portion of the property which he desired to retain, and that having this opportunity, and failing to use it, he could not sue the officer for having sold that which, by reason of not having been selected, had not become exempt.

This interesting question we are precluded from considering by reason of a defect in the record, upon which counsel for appellee insists.

It nowhere appears that plaintiff was an exemptionist, or even a resident of the State, except by his own deposition, and this is embodied in the record proper, and not in the bill of exceptions. There is no allusion to it in the bill of exceptions, except in connection with a motion to suppress the answers to certain interrogatories, and in reciting this matter the draftsman says, in parenthesis (see deposition).

It has been many times decided in this court that depositions in suits at law cannot be noticed unless contained in the bill of exceptions, and though they are found in the record, and referred to in the bill of exceptions, the rule is the same. *McRaner* v. *McGuire*, 9 Smed. & M. 34; *Barry* v. *Hule*, 1 How. 315; *Preston's Case*, 25 Miss. 383; *Carmichael* v. *Brewster*, 4 How. 431; *Pickett* v. *Doe*, 5 Smed. & M. 470; *Waddington* v. *Gury*, 7 Smed. & M. 522.

Affirmed.