## GRAND COURT OF COLANTHE *v.* P. C. DOWNS.

[53 South. 417.]

1. APPEAL. *Attorney and client. Agreement of counsel. Bill of exceptions. Stenographer's notes. Code 1906,* § *47.*

   Code 1906, § 47, so providing the filing of an appeal bond, operates as an appeal.

2. ATTORNEY AND CLIENT. *Agreement.*

   An agreement by counsel on a bill of exceptions, the signature of the judge being waived, made after appeal by the defendant, is in the absence of a showing of fraud or collusion binding on the plaintiff— the appellee, being signed by one of his attorneys of record below, though not his leading counsel, and although such counsel so signing, was instructed to make no agreement about the case, the presumption being that such counsel is authorized to act for his client.

3. SAME.

   It is presumed that an attorney, assuming to represent a party is authorized to do so, and to do all acts necessary to the proper conduct of the cause, and the party denying such authority has the burden of showing his want of authority, and a party is bound as to the opposite party "by every act which the attorney does in the regular course of practice and without fraud or collusion, however injudicious the act may be."

4. STENOGRAPHER'S NOTES. *Skeleton bill of exceptions. Agreement.*

   The agreement of counsel on a skeleton bill of exceptions, does not, together with such bill, make the stenographer's notes a part of the record, the only reference thereto in the bill being, "For stenographer's notes, see page ——." The rule in this state being that when matter is sought to be incorporated in the record, by mere reference to it in the bill of exceptions, such reference must be in terms so specific and certain as to identify such matter beyond a reasonable doubt.

APPEAL from the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Suit by P. C. Downs against the Grand Court of Colanthe. From a judgment for plaintiff, defendant appeals.

Motion by plaintiff to strike out the bill of exceptions and for an affirmance.

*Catchings & Catchings* and *Jas. D. Thames,* for motion.

*E. N. Scudder* and *Flowers, Fletcher & Whitfield,* contra.

ANDERSON, J., delivered the opinion of the court.

Action by P. C. Downs against the Grand Court of Colanthe. From a judgment for plaintiff, defendant appealed. Plaintiff moves to strike the bill of exceptions, and for an affirmance. Motion sustained in part, and overruled in part. ,

This is a motion by the appellee, Downs, to strike from the record in this case the bill of exceptions and the court stenographer's transcribed notes of the testimony, on the ground that they were not properly authenticated and filed within the ninety days allowed from the adjournment of the court at which the trial was had. The facts necessary to be set out are as follows: The court adjourned on November 30, 1909, which was the end of the term. On February 24, 1910, an appeal bond, with supersedeas, was executed by the appellant. On March 7, 1910, the court stenographer's notes of the testimony were filed, and on March 31, 1910, what is commonly known as a "skeleton bill of exceptions" was filed; both, therefore, being filed more than ninety days after the term of the court at which the trial was had. The stenographer's notes were neither signed by the judge nor agreed to by counsel, unless the writing attached to the skeleton bill of exceptions amounts to such an agreement, which is in the following language: "The defendant therefore presents this as its bill of exceptions, which is agreed upon by the parties to this suit and filed by agreement this the 21st day of March, 1910; the signa-

ture of the judge being hereby expressly waived. W. E. Mollison, attorney for plaintiff. E. N. Scudder, attorney for defendant." The caption to the skeleton bill is in the usual form, and following it are these recitals: "The pleadings were read. For declaration, see page —. For pleas, see page —. Whereupon the following testimony was taken. For stenographer's notes see pages ——. Thereupon plaintiff asked instructions 1, 2, and 3," etc. The attorneys for the appellee in the court below were J. D. Thames and W. E. Mollison. Mr. Thames and the appellee both show by their affidavits that the former was leading counsel for the appellee, and that Mollison had no authority to sign the agreement in question attached to the skeleton bill, but, on the contrary, had been instructed by them not to make any agreement whatever in reference to the case.

The skeleton bill of exceptions was properly authenticated and filed, and became part of the record, by virtue of the agreement attached to it, provided such agreement, signed by the attorney, Mollison, assuming to represent appellee, is binding on the latter; the contention of appellee being that it is not binding, because Mollison's authority to represent him terminated with the rendition of final judgment in the court below, and, even if it did not, he was without authority, because he had been instructed by his client and associate counsel to make no agreement in reference to the cause. At the time of making the agreement in question, an appeal had already been taken; for under section 47, Code 1906, the execution of the appeal bond operated as an appeal. Section 73, Code 1906, provides that summons to answer an appeal shall be served either on appellee or "his attorney in fact or of record." In the affidavits on file by appellee and his leading counsel, it is not denied that Mollison, who was one of his attorneys of record in the court below, was employed to represent him on the appeal; on the contrary, it may reasonably be inferred that

he was so employed, from the facts of the instructions given him to make no agreement about the case. It is presumed that an attorney, assuming to represent a party, is authorized to do so, and to do all acts necessary to the proper conduct of the cause, and the party denying such authority has the burden of showing his want of authority. A party to a suit may appear in person or by his attorney, and, if by attorney, he is bound, as to the opposite party, "by every act which the attorney does in the regular course of practice, and without fraud or collusion however injudicious the act may be." He can give no instructions to his attorney which he can take advantage of as against his adversary. *Schirling* v. *Scites,* 41 Miss. 644; *Lester* v. *Watkins,* 41 Miss. 647; Am. and Eng. Ency. of Law (2nd Ed.) 375; Weeks on Attorneys at Law, § 222. There is nothing to show collusion or fraud on the part of Mollison in making the agreement, and under these principles such agreement is binding on appellee.

Does the agreement of counsel attached to the skeleton bill, taken in connection with the recitals in the bill itself, amount to an authentication of the stenographer's notes, and a waiver of their filing out of time? Or, putting the question in a different form, is such agreement, together with the recitals in the bill, sufficient to incorporate such notes in the record? The object of a bill of exceptions is to incorporate in the record, for the purposes of an appeal, matters other than the pleadings, orders, and judgment; and at common law, in order to insure its verity, great strictness was required in its preparation and authentication, all doubts being resolved against it. 3 Ency. of Pl. and Prac., pp. 430 to 438, inclusive, and notes. In modern practice the strictness of the common law in this respect has been somewhat abated. However, it is the settled rule in this state that, where matter is sought to be incorporated in the record by mere reference to it in the bill of exceptions, such

reference must be in terms so specific and certain as to identify such matter beyond a reasonable doubt. It has been held by this court that references in bills of exceptions in the following language were insufficient to make the matter referred to part of the record: "The following evidence was offered (here insert the same)." *Rankin* v. *Holloway,* 3 Smedes & M. 614. "The defendants offered and read in evidence a judgment of the circuit court of Adams county (here insert)." *Berry* v. *Hale,* 1 How. 315. "Be it remembered that upon the motion for a new trial (here insert)." *Wadlington* v. *Gary,* 7 Smedes & M. 522. "A bill of exceptions stated that the evidence in the cause is made part thereof, marked 'B.' The record contained no evidence thus marked, but contained the evidence of many witnesses, said in the record to be evidence taken before magistrate." *Oliver* v. *State,* 5 How. 14. "Plaintiffs read the following affidavits, marked 1, 2, and 3 (the clerk here insert them)." *Hollingsworth* v. *Willis,* 64 Miss. 152, 8 South. 170. "(See deposition.)" *Giegolt* v. *Joor,* 60 Miss. 817.

In the case in hand, there is no reference whatever to the stenographer's notes in the agreement attached to the skeleton bill; and in the body of the bill only this: "Whereupon the following testimony was taken. For stenographer's notes, see pages ——," which has the appearance more of a form for the clerk in making out the record than anything else. It is not pointed out where the notes are to be found, how they are marked, the names of the witnesses testifying, how many pages they contain, or other means of identification. There is no direction of the clerk "(here insert)." We do not mean to hold that such a minute identification is required, but we do hold that the matter sought to be made a part of the record must be so pointed out as to identify it beyond a reasonable doubt. And, furthermore, there is nothing, either in the bill or the agreement, to indicate

that counsel did not intend to settle the correctness of the stenographer's notes by another agreement.

The motion to strike out is therefore sustained as to the stenographer's transcribed notes, and overruled as to the skeleton bill; and the motion to affirm the case is overruled, because, even in the absence of the testimony, there may be reversible error in the record. *So ordered.*