# AMERICAN COTTON OIL CO. *v.* HOUSE.*

(Division A. Nov. 12, 1928.)

[118 So. 722. No. 27062.]

---

*Corpus Juris-Cyc References:  Judgments, 34CJ, section 572, p. 357, n. 95; section 1333, p. 928, n. 98.

See, also, 148 Miss. 259, 114 So. 321.

*Shands, Elmore & Causey,* for appellant.

*Roberts & Hallam,* for appellee.

Cook, J. On March 31, 1923, the appellant, the American Cotton Oil Company, filed suit in the circuit court of the Second judicial district of Bolivar county against the appellee La Valle House and L. G. Dean, alleged to be a copartnership trading under the firm name and style of Dean & House, on a promissory note signed "Dean & House by L. G. Dean." Summons was issued for the said La Valle House and L. G. Dean, and the sheriff, acting through his deputy, J. D. Hines, made a return on this summons in which he recited that he had personally served each of the said defendants. No plea was filed by the defendants or either of them, and on November 15, 1923, during the term of the court to which the said summons was returned, the court entered a judgment containing the following recitations:

"This cause coming on this day to be heard, came the above plaintiff and defendant and each announced ready for trial, came a jury of the regular venire of the week composed of A. H. Doyle, and eleven others, who were duly sworn, impaneled and accepted to well and truly try the issue joined and the said jury having heard the evidence, received the instructions of the court, and heard the argument of counsel for each party, retired by direction of the court to consider their verdict," etc.

On April 1, 1926, the appellee La Valle House filed a petition for a writ of error *coram nobis,* averring, in substance, that he had never been served with summons in said cause; that he entered no appearance therein; that he employed no attorney to represent him in said cause; that the recitation of personal service on him in the sheriff's return, as well as the recitation in the judgment that the defendant appeared and announced ready for trial and that the jury heard the argument of counsel for each party, was false; and that the court never had jurisdiction to enter any order or judgment against the petitioner.

Petitioner further averred that the said suit was predicated on a promissory note of the firm of Dean & House, and that the said firm of Dean & House was a partnership composed of L. G. Dean and Sam House, and that the petitioner had never been a member of said partnership, had never had any sort of business dealings or transactions with the appellant, and did not owe the indebtedness upon which the suit and judgment were based. The petition prayed that a writ of error *coram nobis* issue, and that upon the hearing thereof the said judgment be set aside in so far as it affected the petitioner, and that the cause be restored to the docket for trial and the petitioner granted an opportunity to present his defense thereto.

The appellant filed a motion to strike such parts of the petition as averred that the appellee did not owe the debt and that Sam L. House was the real debtor; and this motion was sustained. The appellant then filed an answer to the remainder of the petition, and denied that the appellee was not served with summons, and denied that he entered no appearance and employed no attorney to represent him in such cause; and further set up in the answer that the appellee could not, in a proceeding for a writ of error *coram nobis,* question the recitals of the judgment, and averred that the issues which were

found against the appellee, as evidenced by the judgment, should not again be litigated, as appellee was attempting to do.

On the issues thus made by the pleadings a trial was had; and the appellee testified that he was well acquainted with J. D. Hines, deputy sheriff, who made the return on the said summons, and that the said Hines was well acquainted with him; that no such summons was served upon him; that he was not in court when the said judgment was rendered and entered no appearance therein; that he did not employ an attorney to represent him in said cause; and that he filed no plea therein. In these statements, the appellee was corroborated by the testimony of the defendant L. G. Dean. The appellant then offered in evidence the summons and the return thereon and the original judgment, and also certain testimony to show that the deputy sheriff who returned the summons had the reputation of being a careful and painstaking officer. The proffered testimony as to the reputation of the officer was excluded, and the cause was then submitted to the jury, under instructions presenting the issue of whether or not the summons was served on the petitioner, and authorizing the jury to return a verdict for the petitioner if they believed from the preponderance of the evidence that petitioner was not personally served with summons prior to the time the judgment in evidence was rendered, and that he did not appear in court in person or by counsel and defend such suit and entered no appearance for such trial. Upon these issues the jury returned a verdict for the petitioner, and a judgment was entered setting aside the original judgment as to the petitioner, La Valle House, and reinstating and restoring said cause on the docket, with leave to the said petitioner to plead to the declaration.

After the cause was reinstated on the docket, the appellee filed a plea of the general issue and a plea of *non est factum*, and a special plea to the effect that at the

time of the execution of the note sued on he was not a member of any partnership known as Dean & House; that he had never, at any time, been a copartner of L. G. Dean in any firm or business whatsoever; and that the signature to the note sued on is not the signature of any partnership known as Dean & House of which the said appellee was a member. Upon the issues thus presented the appellant offered no proof, while the appellee and L. G. Dean testified that the firm of Dean & House was composed of L. G. Dean and Sam L. House; that the appellee La Valle House was never a member of such firm; and that the indebtedness sued on was contracted by Sam L. House for the firm of Dean & House. At the conclusion of this testimony, the court peremptorily instructed the jury to return a verdict for the appellee; and from the judgment entered on the verdict returned in pursuance of this instruction, this appeal was prosecuted.

On appeal, the appellant contends that the trial court erred in vacating its former judgment and in reinstating the cause for trial as to the liability of the appellee; and this assignment is the only one argued by counsel.

Section 3945, Code 1906 (section 3156, Hemingway's 1927 Code), provides that:

"The return of the officer serving any process may, in the same action, be shown to be untrue by either of the parties, but the officer himself shall not be permitted to question its truth."

And in discussing this section as it appeared in the Code of 1880, Judge CAMPBELL, in the case of *Meyer Bros.* v. *Whitehead,* 62 Miss. 387, said:

"Section 1533 of the Code of 1880 provides that 'the return of the officer serving any process may in the same action be shown to be untrue by either of the parties,' and removes all ground of objection to a proceeding by writ of error *coram nobis,* or motion as a substitute for it, before the court which has rendered judgment on a

false return of service of a summons to vacate such judgment.''

We do not understand, however, that counsel for appellant controverts the right of a party to an action to show in a proceeding by writ of error *coram nobis* or motion that the return showing service of the summons is untrue and to'have a judgment rendered on a false return of service of summons vacated; but the precise contention of counsel is that the recital of the judgment that the appellee appeared was conclusive.

In this case the court below has adjudicated that the appellee House was never·served with process issued upon the filing of the declaration, and that the officer' return showing that the summons was served on him was a false return; and the judgment so finding is well supported by the evidence. The question for decision on this appeal is then reduced to the question of whether the judgment rendered on the false return should be maintained because of its recitals (a) that the defendant came and announced ''ready for trial;'' and (b) that the jury ''heard the argument of counsel for each party.'' The record shows that no plea was filed, and on the face of the record at the time the judgment rendered the plaintiff was entitled to a judgment by default against both defendants. The only issue to be determined was the demand for a reasonable attorney's fee, as specified in the note sued on, and this required the submission of that question to a jury on a writ of inquiry only. The recital that the defendant or defendants appeared was not essential to the validity of the judgment, and only the essential terms of the judgment should be treated as conclusively adjudicated by the court.

In the case of *Pittman & Gwin* v. *Planters' Bank*, 1 How. 527, Judge SHARKEY, speaking for the court, said:

''The defendants in error instituted suit against Pittman & Gwin on a note made by them as partners. The record shows that process was served upon Pittman, but

not upon Gwin, although judgment is entered against both in the plural number. The plea is by Pittman alone, and there is an entry on the record, that 'the defendants withdraw the plea by them pleaded;' yet we cannot take this as an appearance by Gwin; there is, therefore, nothing to show that he was in court, and if not a judgment against him, was irregular.''

In the case of *Copeland* v. *Pate*, 6 How. 275, the court said:

''No notice was served on the defendant below to appear, or of the suing out of the *certiorari*. The entry of the clerk, that 'this day came the parties, by their attorneys,' is not sufficient evidence that any party appeared but that party who was in court, and that was the plaintiff.''

The case of *Dean* v. *McKinstry*, 2 Smedes & M. 213, was a suit against three defendants, including one John Dean. Dean was not served with process, and on account of the death of one of the other defendants the suit was abated as to him, and a joint judgment was entered against the two surviving defendants, Land and Dean. In discussing the question involved on appeal, the court used this language:

''No plea was filed by Dean, but the record has these words, 'Also came the other defendants by attorney, and issue being joined, etc.' There was a jury, and verdict for plaintiff, and judgment entered up jointly, against Land and Dean. . . . ''The second objection, that no service of writ or appearance for Dean existing, the judgment was therefore irregular, is well taken. It was decided, in the case of *Pittman & Gwin* v. *Planters' Bank*, 1 How. 527, that the recital in the record, 'also came the other defendants, by attorney,' etc., is not sufficient to amount to the appearance of a party not served with process.''

In the case of *Edwards* v. *Toomer et al.*, 14 Smedes & M. 75, there was involved the validity of a judgment ren-

dered in the suit of *Toomer, Gay & Co.* v. *Reuben King, Defendant, and Charles B. King, Garnishee.* The record failed to show that Reuben King was served with summons, but a default judgment was entered against him. At a subsequent term of the court a judgment was entered reciting, ''This day came the parties by their attorneys, and thereupon came a jury of good and lawful men,'' etc., and in discussing the validity of this judgment as to Reuben King, the court said:

''The recital of an appearance is never conclusive; and where the expression is general, it is confined to those parties who have been served with process. *Miller* v. *Ewing,* 8 S. [Smedes] & M. 421; *Torrey* v. *Jordan,* 4 How. 401; *Dean* v. *McKinstry,* 2 S. [Smedes] & M., 213. To construe the expression, 'the parties came by their attorneys,' to comprehend Reuben King, would do violence to other parts of the record. The judgment by default was never set aside, and no leave was ever afterwards given him to plead. There is no issue in the record made up by him or his attorney; the only issue is that tendered by Charles B. King. The only attorney whose name is entered for the defense, was the attorney who filed the interpleader for Charles B. King. All these considerations lead us to the conclusion, that the record does not show an appearance by Reuben King, and that its language is fully met and satisfied, by confining it to those persons who had attorneys in court, as shown by the record—the plaintiffs, and Charles B. King. To give greater scope to its terms, and thereby render a judgment valid against one not served with process, and not appearing to have filed any plea, might be of dangerous tendency.''

In the case of *Schirling* v. *Scites,* 41 Miss. 644, it was held that where a general plea by, or on behalf of, the defendants was filed, a recital in the judgment that the defendants appeared will constitute an appearance for

the defendants not served as well as those served, the court saying:

"The counsel for the plaintiffs in error insist that their plea was not an appearance for Wren, nor his plea; that the defendants in the plea meant only those who were legally served with process. We cannot agree with counsel in this view of the law. It is true that a mere recital in the record by the clerk, in the absence of a plea for the defendants, 'that the defendants appeared by attorney,' will not constitute an appearance for those not served with process, and will not warrant a judgment against them. [Citing authorities.] But the law is very different where there is a general plea for the defendants."

In the case of *Barker et al.* v. *Shepard,* 42 Miss. 277, the summons was defectively served on B. M. Bradford, one of the defendants, and no plea appeared in the record. A judgment was entered reciting:

"Came the plaintiff by attorneys, and defendants, Baylor B. Barker and Benjamin M. Bradford, also by attorneys, . . . thereupon the other defendants withdraw their plea, and say nothing further in bar or preclusion of the plaintiff's . . . action," etc.

On appeal, counsel for appellant contended that these recitals in the record were sufficient evidence of the appearance of Bradford to uphold the judgment, and relied on the case of *Gwin* v. *Williams,* 27 Miss. 324, in support of that position. After stating that the record in the case of *Gwin* v. *Williams* showed that both parties were in court and proceeded to the trial of the cause on an informal and defective plea, without any objection thereto by either party, the court said:

"The record of this case contains no plea whatever of any character. It contains the mere recital of an implied fact, which is contradicted by the record. If the plaintiffs in error appeared as the recital states, it must have been

by plea, and that should appear in the record, notwithstanding the recital states that they withdrew their plea. A plea, when filed among the papers in a cause, cannot itself be withdrawn from the file, except by leave of the court, and that should appear in the record. The phrase, withdraw a plea, means in legal contemplation to withdraw or waive the defence set up in the plea, and not to abstract the plea itself from the file; that remains on file, and constitutes a part of the record in the case. . . .

"This court has repeatedly decided that a mere recital in the record by the clerk, in the absence of a plea for defendants, 'that the defendants appeared by attorney,' will not constitute an appearance for those not legally served with process, and will not warrant a judgment against them. [Citing authorities.]

"In the case of *Steele* v. *Palmer,* MS. [41 Miss. 88], this court decided that a recital in the record, that 'the defendant demurred to the evidence,' without any demurrer appearing in the record, is insufficient to support a judgment overruling such demurrer.

"In the case of *Moores* v. *Parker,* 3 Littell [Ky.] 263 [268] in which there were two defendants, and only one of them served with process, and judgment was rendered against both of them without any appearance or plea, the court says: 'It is true the record recites that the parties came by their attorneys. But such a recitation on the record, we think, ought not to be construed into an appearance of the defendant not served with process.'

"And again, in the case of *Hall* v. *Williams & Fiske,* in which process had not been served on Fiske, it was held by the court that a recital by the clerk before the entry of the judgment, stating that 'Williams & Fiske came by their said attorney,' could not be taken to be an assertion of record that 'Fiske appeared to the action,' in the absence of a plea for him. 6 Pick. [Mass. 232, 17 Am. Dec. 356].

"The mere statement in the record of this case by the clerk, unaccompanied by a plea, and not sustained by any other part of the record, is deemed wholly insufficient to authorize a judgment against Bradford."

It is true that in most, if not all, of the cases cited above, the record shows either a defective service of summons, or no service of summons for the defendant; but in view of our statute, which expressly authorizes any party to a suit to show that the officer's return on the summons, or other process, is untrue, the recital of appearance in a judgment based upon an officer's return of summons which is shown to be false should not be any more conclusive or import any greater verity than a similar recital in a judgment where the record shows that the summons had not been served. Since it has been shown and adjudged that the appellee was never served with summons, and in the absence of any plea in the record, we are of the opinion that the mere recital in the judgment that the defendant appeared and announced ready for trial is insufficient to sustain the judgment against the defendant who was not served with summons, the appellee herein.

The judgment of the court below will therefore be affirmed.

*Affirmed.*