GULF COAST MOTOR EXPRESS CO. *v.* LOTT.

(Division A. Nov. 12, 1934.)

[157 So. 469. No. 31317.]

.Carl Marshall, of Gulfport, and Hugh M. Wilkinson, of New Orleans, Louisiana, for appellant.

Mize, Thompson & Mize, of Gulfport, and Currie & Currie, of Hattiesburg, for appellee.

224

Argued orally by **Carl Marshall**, for appellant, and by **Robert W. Thompson, Jr.**, and **Neill T. Currie**, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Harrison county, striking from the files appellant's motion to vacate a default judgment theretofore rendered against appellant, and overruling a motion to vacate the order striking the said motion to set aside the original default judgment.

The original action was one of tort, in which the appellee, sought to recover from the appellant damages alleged to have been sustained by him as a result of a collision between an automobile in which he was riding and a truck alleged to have been owned, controlled, and negligently operated by the appellant on a public highway in Hancock county, Mississippi. On the declaration alleging that the freight truck, which caused the injury was "owned, controlled and operated" on this Mississippi highway by the appellant, a Louisiana corporation,

two writs of summons were issued, one to be served upon an alleged agent of appellant in Harrison county, Mississippi, and the other for service upon the secretary of state of Mississippi, the statutory agent of the appellant, under the provisions of chapter 287, Laws 1932, section 5616 of the 1933 Supplement of the Code of 1930. This act regulates the operation of motor vehicles of foreign registration on the roads of this state, and provides, among other things, that "the acceptance by a nonresident of the rights and privileges conferred by the provisions of this section as evidenced by his operating a motor vehicle thereunder, or the operation by a nonresident of a motor vehicle on any public street, road or highway in this state other than under said sections, shall be deemed equivalent to an appointment by such nonresident of the secretary of state of Mississippi, to be his true and lawful attorney upon whom may be served all lawful processes, or summons in any action or proceeding against him, growing out of any accident or collision in which said nonresident may be involved while operating a motor vehicle on such street, road or highway, and said acceptance or operation shall be a signification of his agreement that any such process or summons against him which is so served shall be of the same legal force and validity as if served on him personally."

This process was served on the alleged agent of appellant in Harrison county, and upon the secretary of state, but the appellant entered no appearance in the cause. Thereupon the court entered a default judgment, and awarded a writ of inquiry to assess the appellee's damages, and a verdict was returned fixing the damages at twelve thousand five hundred dollars, upon which final judgment was entered against the appellant. Thereafter, during the same term of court, the appellant filed its motion to vacate the judgment on the ground that it was void, for the reason that it was not based upon any legal

service of summons on it; and it was from the action of the court in striking this motion from the files that this appeal was prosecuted.

In its lengthy motion asserting the invalidity of the judgment against it, the appellant offered to enter a general appearance and submit to a trial on the merits during that term of court, without regard to previous jurisdiction, and asserted, under oath, among other things, that it was merely in the freight brokerage business, with its corporate domicile in the state of Louisiana; that it neither owned, controlled, nor operated any freight trucks in Mississippi or elsewhere, and, in particular, did not own, control, or operate the truck involved in the accident; that it transacted no corporate business in the state of Mississippi or in the county of Harrison therein; that it had never constituted the secretary of state of Mississippi, either expressly, or by implication of law or fact, its attorney for service of judicial process in the state; that the alleged agent in Harrison county upon whom process was personally served was not, at the time of such service, or at any other time, the agent, representative, or employee of appellant; that the attempted service of process for the appellant on the secretary of state and on the alleged agent was null and void; and consequently the default judgment was void. In this motion it was admitted that the appellant had knowledge of the pendency of the suit, and there was set forth in detail steps it had taken in investigating the merits of the cause.

This motion averred in the body thereof that Hugh M. Wilkinson, of New Orleans, was one of the attorneys for the appellant appearing in the matter of the motion, and the motion was signed as follows: ''Gulf Coast Motor Express Company, Inc., defendant, by Hugh M. Wilkinson and Carl Marshall, attorneys for defendant.'' This motion was sworn to by Hugh Wilkinson, who averred in this affidavit, ''that he is the attorney in the aforesaid

cause for the defendant therein, Gulf Coast Motor Express, Inc., and that as attorney for the said corporate defendant, he is authorized to make this affidavit, for and on behalf of said defendant; the said defendant being absent from the jurisdiction of this state and having no agent or representatives therein other than affiant." In support of the motion there were attached thereto the ex parte affidavit of the president of the appellant company, and also the affidavit of C. C. Covillion, the driver of the truck alleged to have been involved in the accident, who averred, under oath, that he owned and exclusively controlled and operated the truck, entirely independent of any authority, control, or supervision of appellant at the time, and that the truck, on which he paid all license fees and other charges, was officially registered in his name as owner. There was also attached the affidavit of the agent upon whom summons for appellant was personally served, who averred that he was not an agent, employee, or representative of the defendant at the time of the delivery of the copy of the process to him, or at any other time; but was an independent owner and operator of a freight truck; also the affidavits of Joseph J. Lambert, an employee of the affiant, Covillion, and Gus G. Jaquet, the treasurer and adjuster of the liability insurance carrier of the appellant, and of the said C. C. Covillion. The motion and supporting affidavits set out at great length, and in detail, the reasons why an appearance was not made in the cause, which resulted in the default judgment.

To the motion the appellee interposed a demurrer alleging, among other grounds thereof, that "said motion, application or petition shows on its face that the Honorable Hugh Wilkinson is the attorney of the Owners Automobile Insurance Company and not of the defendant, and said insurance company was not a party to the record in the suit," and that "said motion, application or peti-

tion shows upon its face that the defendant did not itself engage counsel to defend the suit, and utterly failed to appear in court and make, or offer to make, any defense whatever, if any it had, to said suit."

The record recites that this demurrer was not acted upon by the court when it came on for hearing, but was passed for three days to afford an opportunity to have the president of appellant corporation present in court to personally enter its appearance. When the demurrer was again called at the appointed time, the appellee filed a motion to strike from the files the aforesaid motion to vacate the default judgment, assigning as a ground of the motion to strike, among others, the following:

"Said motion, application or petition was set for hearing on Saturday, August 5, 1933, and on that day a hearing was begun on the same, and in the course of the hearing it was made known to the court and the court ruled from the Bench that the motion, application or petition had not been joined in by the defendant, and was not as a matter of law the application or petition of the defendant, and granted the defendant further opportunity to prepare and file motion, application or petition to vacate the judgment herein and motion for a new trial, until August 8, 1933, at nine o'clock and it is now August 8, 1933, 9:24 o'clock, and the defendant has failed and neglected to file said motion, application or petition in its own name and right and has failed to join in the petition which was addressed to the court on said date, August 5, 1933, and there is now before the court no motion, application or petition filed by the defendant or joined in by the defendant seeking the vacation of said judgment and a new trial."

Thereupon counsel representing the appellant announced that on account of illness the president of the defendant corporation was delayed, but was then on the way from New Orleans, and would be present in court

within one and one-half hours, and they further offered to consume the intervening time of the court with the testimony of several witnesses then present, but the court immediately sustained the motion to strike, stating, as appears from a special bill of exceptions, that: "I will sustain the motion. If the defendant had become here this morning and joined in that petition to set aside the judgment I would have been disposed to consider it very favorably, but he has not taken enough interest in the case to appear here."

The special bill of exceptions further recites that immediately upon the utterance of the above observations by the court, counsel for the defendant asked to be heard on the matter, and to make some explanations to the court, and to have an opportunity to get into the record what they expected to show, and to this the court replied: "I don't think there is anything further to be said in the matter. The defendant has not taken enough interest in the matter to appear, and the motion will be sustained."

Thereafter the appellant filed a further motion to reconsider and vacate the order of the court striking from the files the motion to vacate the default judgment against it. This motion, which was supported by an affidavit of the president of appellant corporation, was likewise overruled; hence this appeal.

We have set forth the above rather lengthy statement of facts in order that the course the matter took in the court below might be fully apparent. We find nothing on the face of the record which shows or tends to show want of authority of counsel to represent the appellant in the presentation of the motion to vacate the original default judgment, and which would enable the want of authority of counsel purporting to represent the appellant to be raised by demurrer or motion to strike. On the contrary, the motion was filed by attorneys admitted to practice

law and generally practicing in the court below, and it purported to be on behalf of the appellant corporation only. It was verified by one of the attorneys filing the same who, under oath, stated that he was attorney for the appellant and had full authority to represent it and make the affidavit for it and on its behalf. The presumption is in favor of the authority of a practicing attorney who appears for and represents a party in court (Hardin v. Ho-yo-po-nubby's Lessee, 27 Miss. 579; Grand Court v. Downs, 98 Miss. 743, 53 So. 417; Doe ex dem. Chamberlain, Miller & Co. v. Abbott, 152 Ala. 243, 44 So. 637, 126 Am. St. Rep. 30; 6 C. J. 631, 632), and in the absence of anything on the face of the record challenging or showing the want of such authority, it cannot be raised by demurrer or motion to strike the pleading filed by such attorney. An attorney may be required to show his authority when it is properly challenged, but when so shown it devolves upon the party challenging it to show, by positive proof, that it is invalid and insufficient. In the case at bar we think that the court below erred in sustaining the motion to strike, and therefore the judgment will be reversed and the cause remanded for hearing on the motion to vacate the original default judgment.

Reversed and remanded.