ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* ANDREWS.

Opinion delivered February 5, 1912.

1.  EXECUTIONS—DUTY OF OFFICER IN MAKING LEVY.—It is the duty of an officer, in making a levy under execution, to levy same upon property of the defendant within his jurisdiction sufficient to satisfy the execution and all proper fees and costs. (Page 177.)

2.  SAME—AMOUNT OF PROPERTY.—In determining what amount of property to levy upon, the officer must exercise his own discretion, and should exercise the care and diligence which a reasonably prudent man would exercise under like circumstances, and should endeavor to obtain sufficient property to satisfy the execution without making an unreasonable levy. (Page 178.)

3.  SAME—WHEN LEVY EXCESSIVE.—To render an officer liable for levying upon an excessive amount of property, it is necessary to allege and prove, not only that the property levied upon was excessive, but also that the officer knew that the defendant owned other property within the officer's jurisdiction upon which the execution could have been levied and of sufficient amount to satisfy it. (Page 179.)

Appeal from Boone Circuit Court; *George W. Reed*, Judge; affirmed.

*W. E. Hemingway, E. B. Kinsworthy, Z. M. Horton, James H. Stevenson* and *G. D. Henderson,* for appellant.

1. In order to sustain the allegation that a levy was excessive, it was not necessary that the judgment-debtor should have pointed out the property to be sold, or have given to the officer any list of property so selected to be levied upon or sold. 2 Freeman on Executions, 1412, 1413. Section 3230, Kirby's Digest, is not mandatory, but permissive. It is the duty of the officer to levy an execution upon sufficient property to satisfy the debt and cost, and in determining what is a sufficient levy for that purpose, he is left to his own judgment, *free from the restraint or control of either the plaintiff or defendant.* 10 Ark. 28, 33-34; 75 N. Y. Supp. 976, 71 App. Div. 351; Freeman on Executions, § 258. See also 5 Ark. 680; 14 Ark. 38. It is the duty of the officer to avoid excessive levies, and he is liable if the levy is excessive. 2 Freeman on Executions, § 253, pp. 1407, 1408; 7 B. Mon. (Ky.) 298; 2 Freeman on Ex., 1410-11-12.

2. The complaint was good on general demurrer. 17 Cyc. 1112; *Id.* 1113; 52 Mo. 518; 1 Bush 504; 6 Johns. Ch. 411; 30 Ia. 453; 28 Tex. 202, 91 Am. Dec. 309; 43 Mo. 294; 67 N. E. 398; 202 Ill. 624; 13 Ore. 538, 11 Pac. 295.

3. If appellee desired a more detailed statement of appellant's cause of action, the proper remedy was by motion to make the complaint more definite and certain, and not by demurrer. 60 Ark. 39; 52 Ark. 378; 94 Ark. 437.

Frauenthal, J. This is an action instituted by the St. Louis, Iron Mountain & Southern Railway Company, to recover damages for an excessive levy made upon its property under an execution against it. The complaint in substance alleged that the defendant Frank Andrews on November 15, 1910, recovered judgment against it before a justice of the peace of Omaha Township in Boone County for the sum of $20.75, and on November 30, 1910, sued out an execution thereon and placed same in the hands of defendant, J. C. Hampton, who was constable of said township; that the constable, under said execution, levied upon a locomotive engine owned by the plaintiff, and that such levy was made at the advice of said Andrews. It was further alleged that the engine was of the value of $15,000, and that plaintiff owned other personal property in

said township, consisting of office furniture, railroad ties, hand-cars and tools of the value of $500 out of which the execution could have been made. It alleged that the constable wrongfully and in violation of his duty levied the execution upon said engine, which was then in use by plaintiff, and denied plaintiff the use of it for eight hours, and that the constable and said judgment-creditor advising the levy thereby became "wilful trespassers and liable to plaintiff for all damages suffered in consequence of such unlawful and excessive levy," which it laid at $500. It also alleged that the execution was paid in full on December 2, 1910.

To this complaint the defendant filed a demurrer upon the ground that it did not state facts sufficient to constitute a cause of action. Upon the hearing of the demurrer the court found that the complaint was defective in this: "that it fails to allege that the plaintiff, the judgment-debtor, against whom said execution was issued, selected what property should be sold, * * * or that the constable had knowledge of other property belonging to said judgment-debtor that might be levied upon besides said engine." It thereupon sustained said demurrer, and, the plaintiff refusing to plead further, the complaint was dismissed.

The cause of action in this case is based upon an excessive levy made by a constable upon plaintiff's property under writ of execution sued out upon a judgment recovered against it. No question is made attacking the legality of the judgment or execution or the validity of the levy, except that it was excessive. It is the duty of an officer, when an execution is placed in his hands, to levy same upon property owned by the defendant within his jurisdiction sufficient to satisfy the execution and all proper fees and costs. In determining what amount of property is sufficient out of which to secure satisfaction of the execution the officer is left to exercise his own judgment. He is not controlled in his discretion as to the amount of property that should be levied upon, either by the judgment-creditor or debtor. In determining what amount of property is sufficient to levy upon to satisfy the execution, the officer is required to exercise the care and diligence which a reasonably prudent man would exercise under like conditions and circumstances, endeavoring to obtain sufficient property to satisfy the execu-

tion and yet not making an unreasonable and unnecessary levy. In the case of *Lawson* v. *State*, 10 Ark. 28, this court declared the duty and liability of an officer into whose hands an execution had been placed for service as follows: "In obedience to the command of the writ, he should without delay levy on property sufficient to satisfy the debt and costs. In determining what is a sufficient levy for that purpose, he is left to exercise his own judgment free from the restraint or control of either the plaintiff or defendant, and is accountable to the plaintiff on the one hand if he fails to levy on as much as a reasonably prudent man would deem sufficient for that purpose (if so much is to be found within his legal grasp), and on the other hand to the defendant for an unreasonable and unnecessary levy on his property." An officer charged with the execution of final process should levy at once on property owned by the defendant within his jurisdiction sufficient to satisfy it. While on the one hand he should avoid making an inadequate levy, and on the other hand avoid making an excessive levy, yet he must not fail to make a levy if he finds property within his jurisdiction which is owned by the judgment-debtor, even though such property may be in value largely in excess of the debt, if he knows of no other property owned by the defendant within his jurisdiction upon which to make the levy. *Haynes* v. *Tunstall*, 5 Ark. 680; 2 Freeman on Execution, § 253. He is liable for a violation of his duty if he makes an excessive levy; but he is also liable if he fails to make a levy on property owned by the defendant in his jurisdiction. When the property owned by the defendant is of such character that it can not be separated, the officer must make a levy upon it, even though it may be of a value largely in excess of the judgment debt, in event he has no knowledge of any other property owned by the defendant within his jurisdiction. Under such circumstances it can not be said that such levy is excessive. The basis of the cause of action against an officer for an excessive levy is that he is a trespasser and can not set up a legal warrant for his action. He becomes a trespasser although acting under process, when he exceeds or abuses the authority given by such process. Before, however, he can be said to have exceeded or abused such authority, it must be shown that he acted oppressively or that he intended to do the defendant

a wrong under authority of the writ in his hands. This may be shown by proof that the amount of the property levied upon was unreasonable and unnecessary; but it can not be said that such levy is unreasonable or unnecessary, no matter how great the value of the property may be, if the judgment-debtor owned no other property within his jurisdiction upon which a levy could be made by the officer holding the execution. The officer can not be held liable for the excessive levy unless he knows that the defendant owns other property within his jurisdiction upon which such execution can be levied and out of which the judgment debt could be made. In the case of *Davis* v. *Webster*, 59 N. H. 471, it is said: "To make an officer a trespasser for exceeding or abusing his authority, he must be shown to have committed acts which persons of ordinary care and prudence would not under like circumstances have committed, and made such a departure from duty as to warrant the conclusion that he intended from the first to do wrong and used his legal authority as a cover for an illegal act."

By section 3230 of Kirby's Digest it is provided: "The person against whom any execution may be issued may select what property, real or personal, shall be sold to satisfy the same; and, if he give to the officer a list of the property so selected, sufficient to satisfy such execution, the officer shall levy upon such property, and no other, if it be sufficient, in his opinion, to satisfy such execution, and, if not, then upon such additional property as shall be sufficient." This statute gives to the judgment-debtor the privilege of selecting the property which the officer shall levy on, if it is sufficient to satisfy the execution. A failure, however, by the judgment-debtor to select the property to be levied upon will not justify the officer in making an excessive levy. If the officer refuses to levy upon the property selected by the judgment-debtor, or if he makes an excessive levy, he violates in either event his duty, and is liable for such special damages as the defendant may incur thereby. *Barfield* v. *Barfield*, 77 Ga. 83; *Commonwealth* v. *Lightfoot*, 7 B. Mon. 298; *French* v. *Snyder*, 30 Ill. 339. The presumption is that the officer acts in good faith, and the burden devolves upon the plaintiff to show that he has violated his duty. *Closson* v. *Morrison*, 47 N. H. 482. In order to show this, it is necessary to allege and prove, not only that the property levied upon was

excessive, but also that the officer knew that the defendant owned other property within his jurisdiction upon which the execution could have been levied and of sufficient amount to satisfy it. The lower court found that the complaint was defective for the reason, amongst other things, that it did not allege that the officer had knowledge of other property belonging to said judgment-debtor that might be levied upon besides said engine, and for that reason, among others, held that the demurrer should be sustained. The plaintiff refused to amend its complaint by making this allegation. This allegation, we do not think, can be reasonably inferred from the other allegation made in the complaint. Whether we consider the action of the court as a ruling that the complaint should be made more definite and certain in this particular, or as a ruling that the complaint was demurrable on this account, in either event the plaintiff refused to correct the complaint, which, we think, was defective in this regard. The court, therefore, did not err in dismissing the complaint, which, by reason of this defect, did not state a cause of action. The judgment is affirmed.

HART, J., dissents.