BRIDWELL *v.* ANDERSON, SHERIFF.

4-6479                              156 S. W. 2d 231

Opinion delivered November 17, 1941.

70

*C. A. Holland,* for appellant.

*M. E. Vinson* and *Opie Rogers,* for appellee.

GREENHAW, J. In June, 1939, the Arkansas Portland Cement Company brought suit in the Cleburne circuit court against the appellant herein, J. H. (Howard) Bridwell, trading as Bridwell Mercantile Co. On September 18, 1939, a judgment by consent was entered against the appellant for $300.69, together with the costs and interest, the judgment providing that execution might issue after 60 days therefrom. Thereafter the appellant apparently paid all of the judgment except $39.22.

In April, 1940, an execution was issued by the clerk of the circuit court against J. H. Bridwell. J. G. Davis, the deputy sheriff, took the execution and attempted to make a levy upon the personal property of the appellant. He first went to the store of the appellant and stated he would levy upon six stoves. The appellant suggested that he levy upon some lumber, and an employee of the appellant took the deputy sheriff to some vacant ground and showed him some lumber lying out in the open which belonged to the appellant. According to the evidence of the appellant and his employee, there was a building near the vacant lot which contained a large amount of lumber owned by the appellant, but the deputy sheriff testified

that he knew nothing about the lumber in the building, that it was not shown him nor was any information given to him concerning the lumber in the building, and that he went back to the store and informed appellant he was also levying upon the six stoves. It is admitted by the appellant and his employee that neither the lumber nor the stoves was ever taken into the possession of the sheriff or his deputy, that the lumber remained on the vacant ground and the stoves in the store, in the custody and possession of the appellant.

The deputy sheriff testified that the lumber he saw and attempted to levy upon was not worth more than $12 or $15 at the most, and that at the time he told the appellant if he had an opportunity to sell part of the stoves and would pay the judgment with the proceeds of the sale thereof, it would be all right for appellant to sell them.

The sale of the personal property which the deputy sheriff apparently endeavored to levy upon was advertised for May 24, 1940. The appellant gave notice that an application would be made before the circuit judge in chambers at Clinton, Arkansas, in an adjoining county, on the 22d of May, 1940, to stay the sale under the execution, and asking that the sheriff be enjoined from proceeding with the sale. Pursuant to this notice a hearing was had before the circuit judge, who issued an order staying the sale until the matter could be determined in the circuit court of Cleburne county. Shortly thereafter the Arkansas Portland Cement Company, through its attorney, satisfied the judgment, and the execution was returned by the sheriff, and later the attorney for the appellant was notified that the original judgment had been satisfied.

On February 3, 1941, the appellant filed this suit, which is styled a "suit in tort" against the appellees herein, Joe Anderson, sheriff, the National Surety Corporation, and the Arkansas Portland Cement Company, in which he referred to the former proceedings as to the judgment and execution, and claimed damages by reason of the action of the deputy sheriff in connection with the

execution process, alleging that an unlawful and excessive levy was made, and as a result thereof his business reputation had been damaged and he had been otherwise damaged, in the total sum of $700, for which he prayed judgment.

The National Surety Corporation was made a party defendant for the reason that it was surety on the bond of the sheriff, and the Arkansas Portland Cement Company for the reason that it had caused the execution to be issued. It is admitted that no service was had upon the Arkansas Portland Cement Company. The appellant contends that this was unnecessary, since it was the plaintiff in the original suit out of which this cause of action arose. The appellant contends that service was had upon the National Surety Corporation by the sheriff of Pulaski county, Arkansas. However, the summons had been misplaced and was not in evidence. The deputy clerk remembered seeing the name of the sheriff of Pulaski county thereon, but apparently did not know what the writ had on it nor whether it had been served, nor, if so, whether the 20 days' service had expired.

An answer was filed in the present suit by M. E. Vinson and Opie Rogers, attorneys for sheriff Joe Anderson. The original answer indicated that they were filing an answer on behalf of all the defendants, thereby entering the appearance of all defendants. However, these attorneys testified that they were only representing the sheriff, and intended only to file a separate answer for him, and the mistake was made by simply following the complaint of the appellant; that they were not employed by either the National Surety Corporation nor the Arkansas Portland Cement Company in this suit, had no authority from any source to enter their appearance, and intended this pleading to be the separate answer only of the defendant sheriff.

On March 3, 1941, this cause was tried at a regular term of circuit court before a jury. The court found that the appellant had proved no legal damages, that no levy had been made upon the property involved, since there was no seizure of the property and the sheriff did not

take the property into custody, and that a verdict for the defendant, Joe Anderson, should be directed by the court which was accordingly done. Upon motion and testimony of counsel for the defendant sheriff, the answer filed was treated as the answer of the sheriff only, and the court found that neither the Arkansas Portland Cement Company nor the National Surety Corporation had been served with process, and that neither of said companies had entered its appearance in this cause, and dismissed this cause of action as to said companies. A motion for a new trial was filed and overruled, from which is this appeal.

The appellant assigns a number of alleged errors, all of which have had our consideration. It is undisputed that the items of personal property which the deputy sheriff attempted to levy upon were never taken into the possession of the sheriff, but that they were all left in the possession of the appellant, who had full and complete control and dominion thereof. While an execution sale was advertised, the same was held in abeyance by the order of the circuit judge made on May 22, 1940, and was never held. It is also undisputed that soon thereafter the judgment was satisfied, the execution returned, and the appellant's attorney later notified of this action.

The appellant claims that he was damaged by having to hold up sales of the stoves, and that his lumber being tied up thereby delayed some construction work which he was having done at that time, but it is further shown that the failure of the carpenters to proceed with the construction work for the appellant, as he desired, was partly due to the fact that they had other work in which they were engaged. As a matter of fact, practically all of the valuable lumber which the appellant owned and could have used was in a building which the deputy sheriff testified he knew nothing about and never levied or attempted to levy upon, the only lumber he saw and attempted to levy upon being a small amount of lumber lying in the open on vacant ground, the value of which did not exceed $15. There was no evidence that the stoves or lumber depreciated in value by reason of the attempted levy. The alleged damages were uncertain, conjectural

and speculative, and we are of the opinion that no special or substantial damages were established by the evidence.

The appellant concedes that no summons was ever issued and served upon the Arkansas Portland Cement Company. The original suit filed by the Arkansas Portland Cement Company against the appellant was one *ex contractu,* from which the execution in question emanated. This appeal is from a suit brought *in tort* by the appellant. We cannot agree with the appellant's contention that the fact that the Arkansas Portland Cement Company brought suit against him in the action *ex contractu* resulting in the judgment and subsequent execution upon which the suit *in tort* is based, thereby removed the necessity of service on the Arkansas Portland Cement Company in the instant case. They were separate and independent suits and the judgment in the first suit was satisfied in full long before the present suit was filed.

Since we have reached the conclusion that the court did not err in directing a verdict for the sheriff, it is immaterial whether summons was served upon the National Surety Corporation, for the reason that it would only be liable in the event liability was established against the sheriff whose bond it had signed as surety.

The appellant contends that there was an excessive levy. This is ordinarily a discretionary matter for the levying officer, if he acts as a reasonable and prudent person, and not arbitrarily and oppressively or vindictively. In *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Andrews,* 102 Ark. 175, 143 S. W. 1084, Ann. Cas. 1914A, 394, where the judgment debtor contended that an excessive levy had been made by the officer, this court said: "It is the duty of an officer, when an execution is placed in his hands, to levy same upon property owned by the defendant within his jurisdiction, sufficient to satisfy the execution and all proper fees and costs. In determining what amount of property is sufficient out of which to secure satisfaction of the execution the officer is left to exercise his own judgment. He is not controlled in his discretion as to the amount of property that should be levied upon, either by the judgment creditor or debtor

In determining what amount of property is sufficient to levy upon to satisfy the execution, the officer is required to exercise the care and diligence which a reasonably prudent man would exercise under like conditions and circumstances, endeavoring to obtain sufficient property to satisfy the execution and yet not making an unreasonable and unnecessary levy. . . . The basis of the cause of action against an officer for an excessive levy is that he is a trespasser and cannot set up a legal warrant for his action. . . . Before, however, he can be said to have exceeded or abused such authority, it must be shown that he acted oppressively or that he intended to do the defendant a wrong under authority of the writ in his hands. . . . The presumption is that the officer acts in good faith, and the burden devolves upon the plaintiff to show that he has violated his duty.''

The contention of the appellant that a large amount of valuable lumber in the building was tied up under the execution was specifically denied by the officer who attempted to make the levy. He testified positively that the only lumber he saw or knew anything about was a small amount of lumber lying in the open on the vacant ground, and that he was never informed that the appellant had any lumber in the building and never in any manner, directly or indirectly, attempted to levy on the lumber in the building. There is nothing in the record showing that the deputy sheriff in this case attempted to or desired to make an excessive levy, nor that he acted oppressively under the rule announced in the St. Louis, Iron Mountain & Southern Ry. Co. case, *supra*. The notice of sale mentioned only the lumber on lots near Brunner handle plant. It made no reference to any lumber in a building, where practically all of the valuable lumber of the appellant was located. The only other property mentioned in the notice was six stoves. We have concluded, in line with the holding of the lower court, that, under the evidence in this case, there was no levy upon the property involved.

We have carefully examined the record in this case and are unable to agree with the appellant that the trial court committed any reversible errors in its findings of

fact and conclusions of law, or in the final judgment entered herein. The judgment is, therefore, affirmed.